*176
 
 MaNly, J.
 

 The case brings np again the enquiry how far and under what circumstances the separate estate of a married woman is liable for her engagements?
 

 This subject has undergone much discussion and has been variously settled elsewhere; but in North Carolina it is still considered an unsettled question in many respects.
 

 No case has yet gone to the extent of sanctioning the doctrine, that as to the separate property, the' married woman is regarded as a feme sole in all respects. This seems to be the English doctrine followed in this couiitry by New York, but not by any other State that we are aware of, while Pennsylvania, Virginia, South Carolina, Tennessee, and Mississippi, adopt a different rule. In the case of
 
 Frazier
 
 v. Brownlow, 3 Ired. Eq. 237, it lias been decided by this Court, that a married woman may in an obligation which she contracts, specifically charge the same on her separate property, where it is done with the concurrence of the trustee. And in the case of
 
 Harris
 
 v.
 
 Harris,
 
 7 Ired. Eq. 111, it is decided, where slaves are bequeathed to the sole and- separate use of a married woman during her life (no trustee being named) and then for the use of two daughters, and then over to their children, that a sale by the woman in which her husband, the daughters and their husbands joined was good. It was not necessary to this latter decision that a different principle should be resorted to than that on which the case of
 
 Frazier
 
 v.
 
 Brownlow
 
 rests. The sale by the parties might have been upheld for the life of the wife as a charge upon the profits only; and in that way the two would have been consistent and stood upon ground which we think more compatible with the objects of such settlements and the rules of the common law. The principle of the case of
 
 Frazier
 
 v.
 
 Brownlow
 
 we adopt, because we are unwilling to take a step backward and to unsettle a matter which has been considered as settled so long and which has, we doubt r.ot, been frequently followed. But we are at the same time unwilling to depart further from the principles of the common law in relation to the disabilities of married women and run into the labyrinth of difficulties which allows.
 
 *177
 
 the doctrine whereby they áre treated as femes sole. We prefer adhering as closely as may be, consistently with decided cases, to the rule that a separate estate for the support of a married woman does not confer any faculties upon her except those which are found in the deed of settlement and that, in all other respects, she is a feme covert and subject to the usual disabilities.
 

 As we have said, however, we recognise, as settled law, the principle upon which the case of
 
 Frazier
 
 v.
 
 Brownlow
 
 stands, viz., that a wife may, when not restricted by the deed of settlement,. with the concurrence of the trustee, specifically charge her separate estate with her contracts and engagements. She may encumber expressly, but not by implication.
 

 At common law the legal existence of the wife was for most purposes merged in that of the husband: she could not, except in special cases, contract, nor sue, or be sued, nor make any contract in respect to her separate estate that would, in law, bind her. But courts of Equity, as a consequence of the principle established by them, that a married woman may take and enjoy property to her separate use, enable her to deal with it in certain respects as a feme sole. She may alien or encumber it in execution of powers conferred on her by the terms of the trust, and if not restricted by the terms, may under the authority of
 
 Frazier
 
 v.
 
 Brownlow
 
 charge the income or profits with the payment of debts, or appropriate them to any selected object, provided such charge or appropriation be specific and unequivocal and concurred in as before stated.
 

 She is not liable by reason of her separate property to her general personal engagements, by holding such engagements a charge by implication or by any similar rule of construction.
 

 We are not sure this restricted view of the powers and liabilities of married women will adequately protect them from the peculiar influences which act upon them, but we are quite sure, the other, of regarding them as femes sole in respect to their separate estate, would render such settlements in very many cases futile and vain.
 

 It will be seen from what has been said, that the creditor’s
 
 *178
 
 bill cannot be sustained. This equity rests upon the ground that the separate estate of the wife is responsible for her personal engagements generally, although not charged with them specifically. This the Court does not hold.
 

 Pee Cueiam, Bill dismissed.