The following case agreed was submitted to the court:
The intestate of the plaintiff and one Ball were in copartnership in trade, up to 13 November, 1855. During 1854 and 1855 an account was *Page 209 
contracted by the defendant with the firm. On 13 November, 1855, the partnership of Long Ball was dissolved, and Ball, for value, conveyed and assigned all his interest in the goods on hand and the notes, bonds, and accounts of the firm to Long, the intestate of the plaintiff. Amongst the accounts so assigned was that against the defendant. Long continued the business, and the defendant traded with him until his death, which happened in September, 1856.
During 1854 and 1855 the defendant was a feme covert, and lived with her husband, but had separate property in the hands of a trustee, and it was in evidence that she promised to pay these bills herself, after they were contracted. In 1856, after the death of her husband, she wrote to Long a note, the material part of which is as follows:
"Mr. Long: — At your convenience, some time soon, please make out my last year's account and send it up to me. I want to see how we stand. I shall pay you $50 as soon as I can get it from ___, and by the last of the year, if I live, I will settle up all I may at that time owe you. Be assured, my dear sir, you shall never lose one cent by (270) me."
The whole amount of the account against the defendant for 1854 and 1855 was $297.77, and for 1856 was $143.41. Upon this was a payment, made to the present plaintiff, of $200.37 on 14 April, 1857. The defendant made one of these payments by an agent, and directed him to tell the plaintiff to credit her account with the amount, and not her husband's. The plaintiff applied this payment to her account of 1854 and 1855. This payment was larger than her account of 1856. It was also shown that her husband had an account with the plaintiff's intestate, which was produced and identified on trial, and shown to be still unpaid.
Long died in September, 1856, and the plaintiff, his administrator, carried on the store for a while. The defendant, after Long's death in the latter part of 1856, wrote to one Ferrell, a clerk in the store, as follows:
"MR. FERRELL: — Say to Mr. Felton, when I can see Mr. ___, at February court, to settle with him for the bond of his wards, I shall be able to pay him near $200 on my account."
Upon this state of the facts his Honor directed a verdict to be entered for the plaintiff for the sum of $164.07, the balance due, subject to the opinion of the court as to whether the action could be maintained. His Honor afterwards set aside the verdict, and directed the plaintiff to be nonsuited, upon the ground that, as the defendant was a feme covert when the accounts, in 1854 and 1855, were contracted, no action could be brought against her individually, notwithstanding the death of her husband before action brought, and the promise she made in the note to *Page 210 
Long, after her husband's death; and further, upon the ground that the plaintiff could not claim, in this suit, for the partnership debt of Long 
Ball. From this decision the plaintiff appealed to this Court.
The judgment of the court below is warranted (271) by either one of the grounds upon which it is placed in that court.
The account of goods which the feme covert ran up in 1854 and 1855 she was not bound to pay, either in law or equity. An original obligation,at law, we suppose, is not alleged; and in equity, by reason of her separate estate, we have decided, at this term, she is not bound.
The subject was considered in Draper v. Jordan, 58 N.C. 175 (in equity at this term), and the general principles there established that a femecovert, having a separate estate, is not liable, in equity, through such estate, to her debts and engagements, unless these be charged specifically upon the separate estate, with the concurrence of the trustee.
Being bound, therefore, neither in law nor equity to pay this account, it will follow that her promises, made after discoverture, are not supported by any sufficient consideration, and will not sustain the action. The insufficiency of such consideration is well settled. Hatchell v. Odom,19 N.C. 302, and cases there cited.
The judgment of the court is sustained by the other ground also. The action ought to have been in the name of the surviving partner, and not in the name of the representative of the assignee.
PER CURIAM. Affirmed.
Cited: Fulke v. Fulke, post, 498; Rogers v. Hinton, 62 N.C. 106; Bankv. Bridgers, 98 N.C. 71; Puckett v. Alexander, 102 N.C. 99; Berry v.Henderson, 102 N.C. 528; Long v. Rankin, 108 N.C. 337.
(272)