1. His Honor erred in ruling that the $300 should be deducted from the amount of the note sued on. Russell Kingsbury held a fund for the separate use of Mrs. Sallie Kingsbury during her life, and then for the use of her children with limitations over.
The note sued on is a part of this fund. It is payable on its (530) face to Russell Kingsbury, trustee for Mrs. Sallie Kingsbury. So the defendant, Augustin Landis, is fixed with express notice at the time he executed the deed to Kingsbury for the price of $300, which Kingsbury was to pay, by allowing it in part payment of the note, and agreeing to enter a credit for that amount on the note.
If the deed had declared a trust for the separate use of Mrs. Kingsbury during her life, and then to the use of the children, etc., Landis might have supposed that Kingsbury was merely converting the fund from a note into land, but the deed conveys the land to Kingsbury absolutely and without mention of the trust. It follows that Landis was *Page 373 
obliged to know that Kingsbury was committing a breach of trust, and this knowledge makes him particeps criminis.
When a trust fund is improperly converted, the cestius que trust has his election, either to call for the original fund or to follow the fund in its converted form. In this case the election is to demand the original fund. Russell Kingsbury is bound to account for the full amount of the note, and Augustin Landis is bound to do the same thing because of his guilty participation in an attempt to commit a breach of trust.
This is familiar learning. We can only account for the error of the learned judge on the supposition that he gave too much weight to the agreement of Kingsbury to enter the $300 on the note as a credit and to his assurance that the credit was entered, and acted on the maxim, "equity considers that as done which ought to have been done."
Whether the credit of $300 was entered on the note or not, did not affect the question of the right of Landis to have the benefit of the price of the lot as a payment. We have seen that by his participation in the breach of trust, he was subject to the equity of the cestuis quetrust to claim the fund in its original shape. If Kingsbury had (531) entered a credit of $300 cash received on the note, that entry would have been open to explanation, and upon its being proved that cash was not paid, but a lot of land was conveyed to Kingsbury, for his own useand behoof, the court would have treated the entry as nothing more than the fact that the defendant Landis had conveyed to Russell a lot of land in fraud of the trust, and was not entitled to a credit on the note for the stipulated price. Admit that Kingsbury committed a fraud on Landis by not entering a credit for the price of the lot on the note, that does not purge the fraud upon the cestuis que trust in which the defendant Landis knowingly participated, for the sake of selling the lot.
2. We also think his Honor erred in making a decree that the plaintiff pay the account of Augustin Landis out of the profits of the trust fund. This, in effect, is a decree against Mrs. Kingsbury, who is not a party to the action, and had no opportunity of being heard. She was treated with as one capable of making a contract, notwithstanding her coverture. This of course assumes that she was one who had a right to be heard before a decree could be made against her separate estate. But it is said she was represented by the plaintiff, who was her trustee. This fallacy misled his Honor. It is a fallacy, and a misapplication of a familiar rule. In an action by or against a trustee for the recovery of the fund, or a part thereof, the cestuis que trust need not be made a party. So, in an action by or against an executor or administrator for property which he claims to belong to the estate, the creditors or legatees or distributees should not be made parties. In such actions the trustee represents the cestuis quetrust, and the executor or administrator *Page 374 
represents the creditors, etc. But the question under consideration does not involve title to the trust fund, but a collateral claim set up by a supposed creditor of cestuis que trust, to be paid out of the fund (532) by reason of a contract made with the cestuis que trust, charging or assigning the fund pro tanto.
In respect to this contract, the trustee does not represent the cestuisque trust, and has no concern with it. Suppose one brings an action against an administrator, alleging that he is the assignee of a distributee for valuable consideration, and demanding that the share be paid to him; would it enter into the head of any one to conceive that the action could be maintained without making the distributee a party, so as to give him a hearing in respect to the assignment, and to protect the administrator by concluding the question of assignment? Could it be said the administrator represents the distributee, and will defend his right?
The truth is, that is a matter about which the administrator knows nothing and with which he has no concern. So in our case whether Mrs. Kingsbury had made a contract by which she assigned her interest in the fund by charging it pro tanto, was a matter about which the trustee had no concern; his duty is to collect and keep the fund, and to that extend he represents Mrs. Kingsbury; but when a party alleges that she has assigned or charged a part of the fund by her contract, that is a matter in regard to which she has a right to be heard, and she will not be excluded by a decree in a case to which she is not a party. We do not mean to say that the decree could have been sustained had Mrs. Kingsbury been a party, but we do say that to allow one of these defendants to recover against the plaintiff, and to have judgment to be paid out of a fund in his hands as trustee because of an alleged indebtedness of the cestuis que trust, is extending the idea of "affirmative relief" to a defendant and going beyond what the farmers of C. C. P. ever dreamed of.
Apart from all this, we have a fund in the hands of a first trustee for the separate use of a married woman for life, and then to her children. The plaintiff is a trustee, put in the place of a first trustee. It (533) was the legal duty of Mr. Kingsbury, as husband, to support his wife and her children without drawing on the separate fund, provided he was able to do so. How this was, does not appear, but it is settled law in this State that a feme covert cannot make a contract by which to charge her separate estate, without the concurrence of her trustee. Knox v. Jordan, 58 N.C. 175.
The Marriage Act (ch. 59, Battle's Rev.) does not apply to cases where the property is secured to the wife by marriage settlement, or deed of gift or will. The property is thereby secured to her by act of the parties. The object of the act (Battle's Rev., ch. 59, sec. 17) is to *Page 375 
secure the property to the wife by act of law when it has been done by act of the parties; who may make restrictions and limitations over? At any rate, Mrs. Kingsbury was not a free trader, and the defendant had no right to contract with her without the concurrence of the trustee, who was at hand and ought to have been consulted. Error. Reversed, and judgment for plaintiff, on the facts found, for the balance of the note, without deducting the $300.
The clerk of this Court will ascertain the amount of such balance, minus
the endorsed credits. So much of the judgment as makes a charge on the fund for the amount of goods "sold and delivered" to Mrs. Kingsbury is
PER CURIAM. Reversed.
Cited: Bank v. Simonton, 86 N.C.; S. v. Bevers, ib., 594.
(534)