EVA C. HUNTLEY v. JACKSON WHITNER, Administrator.

*Married Women--Bonds of, void.*

A married woman is not bound upon a bond executed by her for the ac-quisition of property to make equality of partition of land between herself and her sisters.

CIVIL ACTION commenced before a Justice of the Peace and tried on appeal at Spring Term, 1877, of CATAWBA Superior Court, before *Schenck, J.*

David Link died intestate in 1870, leaving a widow and three children—namely, the plaintiff, the defendant's intestate (Sarah Cline) and Barbara Sigmore. The two last named were married women in 1873, and the plaintiff a widow. These three persons held the land, of which their ancestor died seized, as tenants in common, and with their husbands procured commissioners to divide the same between them. After the division they joined their husbands in executing quit-claim deeds for their respective shares.

The commissioners charged the dividend allotted to Sarah Cline with $200, and she without objection from her husband executed a note of which the following is a copy ; "One day after date I promise to pay Eva C. Huntley the sum of two hundred dollars, the land to stand security until paid for, for value received. October 28th, 1873. Sarah Cline, [Seal]."

This note was given to make the shares equal in value, and is the subject of this action. His Honor held that the plaintiff could not recover upon the ground that Sarah Cline was a feme covert at the time she executed the note. Judgment for defendant. Appeal by plaintiff.

*Messrs. M. L. McCorkle* and *R. F. Armfield*, for plaintiff.
*Mr. G. N. Folk*, for defendant.

READE, J. The question is, whether the bond of a married woman to pay money given for a fair and full consideration is valid and binding upon her?

It is familiar learning that the contract of a married woman is not merely voidable like the contract of an infant, but that it is absolutely void and of no effect and cannot be ratified.

It is supposed, however, that our Constitution of 1868, and our Legislature since, have made some exceptions to the common law doctrine. They have made none whatever as to the general doctrine. If a married woman borrows of me $100 and gives me her bond for it, she is no more liable than she was at common law. So if she sells me her land or other property and I pay her for it.

The exceptions are that under the constitutional provision all that is hers at the time of marriage, and all that she shall acquire during marriage, shall remain her sole and separate property, and may be devised or bequeathed by her to take effect after her death, and may be conveyed by her to take effect immediately or at any time, with her husband's written assent. Const. Art. 10, § 6. And under the statute she may make a contract affecting her property for her necessary personal expenses, and for the support of the family, and to pay her debts existing before marriage. This she may do of her own accord, by her own separate act, without the consent of her husband. Bat. Rev. ch. 69, § 17.

This case does not fall under any of the exceptions. To put it in the strongest light for the plaintiff, it was a bond given for the acquisition of property to make equality of partition of land between her and her sisters. She is not bound upon the *bond*. But whether the *land* is not bound, is a question in regard to which the plaintiff will no doubt be advised.

There is no error.

PER CURIAM. Judgment affirmed.