S. P. ARRINGTON v. ELLA R. BELL.

*Married Women—Separate Estate.*

1. Before the Marriage Act, (The Code §1826, Laws of 1871-'2 ch. 193, §17,) a married woman could charge her separate estate, for her personal benefit, or for the benefit of her estate, provided she did so in terms or by necessary implication. The only change made by this Act was, that the consent of the husband in writing was required in order to allow her to charge her separate estate.

2. Where husband and wife signed a note, which provided in terms that it should be paid out of the wife's separate estate, the consideration for which was a mule which was turned over to a cropper, renting the land of the wife, *It was held,* that the signature of the husband to the note was a sufficient assent in writing, and that the debt was a charge on the wife's separate estate.

(*Pippin* v. *Wesson*, 74 N. C., 437; *Withers* v. *Sparrow*, 66 N. C., 129, cited and approved).

This was a CIVIL ACTION, tried before *Philips, Judge,* and a jury, at the Fall Term, 1885, of WARREN Superior Court.

The action was brought to recover the value of a note under seal as follows to-wit:

"On the first day of November next, we or either of us promise to pay to S. P. Arrington, or order, seventy dollars for value received. I, Ella R. Bell promising to pay out of my separate estate said amount. This March 14th, 1881.

(Signed,)        P. H. BELL, (Seal.)

"        ELLA R. BELL, (Seal.)

The plaintiff alleged that the *feme* defendant, at the time of execution of the bond in suit, was in possession, as her separate estate, of several parcels of land lying in the county of Warren, which are described in the complaint, and that the note sued on was given for a mule, sold and delivered by the plaintiff to the said Ella R. Bell, of the value of seventy dollars, which was used to stock her farm and to improve her own separate estate, and prayed judgment that this note should be adjudged to be a charge on her separate estate, and that the same might be subject to the payment of the debt.

The defendant admitted the execution of the bond and the consideration as stated in the complaint, but denied that the mule was used as alleged by the plaintiff, to stock her farm and improve her separate estate, and contended that the mule was worthless, and was sold to defendant P. H. Bell, to be used by him in cultivating a crop on the lands of said Ella R. Bell, his wife, which crop when raised, was the property of P. H. Bell.

The only issue submitted to the jury was. "Was the mule worthless at the time of the sale to the defendant," which they found in the negative, and the defendant Ella R. Bell contended that she as a married woman, was not liable for the payment of said note; and by consent of counsel, the Judge found the facts as follows :

1st. That the mule was bought by P. H. Bell, and the note executed by himself and wife, as set forth in the complaint.

2nd. That P. H. Bell bought the mule for the purpose of turning him over to a renter, living on the land of his wife, and said mule was so turned over, which he superintended and controlled for their joint benefit.

3rd. That P. H. Bell received from the renter one-fourth of the crops raised, and the profits of said land were used jointly by himself and wife.

4th. That P. H. Bell had no contract with his wife about the management of her farm.

5th. That P. H. Bell and his wife kept no accounts and had no separate money matters between themselves.

Upon these facts his Honor gave judgment against the said Ella R. Bell, and that the plaintiff have execution thereon, to be levied and collected of her separate estate, and not otherwise, and from this judgment she appealed.

*Mr. R. H. Battle*, for the plaintiff.
*Mr. Jos. B. Batchelor*, for the defendant.

ASHE, J. (After stating the facts). The Code §1826 provides, that "no woman during her coverture, shall be capable of

making any contract to affect her real or personal estate, except for her necessary expenses, or for the support of her family, or such as may be necessary in order to pay her debts existing before marriage, without the written consent of her husband, unless she be a free trader." Laws of 1871-'2, ch. 193, §17. A married woman before that act, had the power to charge her separate estate for the benefit of her person or estate, provided it was done in express terms or by necessary implication. The act of 1871-'2 had no other effect upon her power over her separate estate, than to restrict it, by requiring the consent of her husband. Such is the construction given to the act by the Court in the case of *Pippin* v. *Wesson*, 74 N. C., 437, and we think that case and *Withers* v. *Sparrow*, 66 N. C., 129, are decisive of this question.

From the former case, the principle is clearly deducible, that a married woman has the power to contract a debt, or to enter into any executory contract, with the consent of her husband, when she charges her separate estate with it, either expressly or by necessary implication arising out of the nature or circumstances of the contract, and that it was for her benefit; and that the written consent of the husband was given, it is sufficient to show that he signed the contract with her.

And the latter case is authority for submitting to the jury the question whether the contract of the *feme* covert is for her personal benefit, or some advantage to her separate estate.

Here, by consent of the parties, the question of benefit was submitted to the Court, and it was found as a fact by the Court, that the mule for which the note was given, was bought by the husband for the purpose of being used by a lessee or cropper on the land of the *feme* defendant, for the purpose we take it, to make a crop, the one-fourth of which was to be paid to the husband and wife, and the profits of the farm were used jointly by the husband and wife, and if used by them for the support of the family, as we presume was the case, it was a contract for her benefit, as much so as if she had purchased the mule herself,

and had the crop made with it on her land and under her own supervision.

The fact as found by his Honor, that the defendants had no contract for the management of the farm, and kept no accounts and had no separate money matters between them, shows that perfect harmony and confidence existed between them as man and wife, and that she confided the management of her separate estate to him, as a trusted agent, for their mutual support and benefit.

The contract we think comes fully up to the requirements of the law, to charge her separate estate, and the judgment of the Court below was fully warranted by the facts as found by his Honor.

The judgment of the Superior Court is affirmed, and as the judgment against the co-defendant P. H. Bell, not appealed from, stands on the record of that Court, this opinion must be certified to that Court, that the proper executions may be issued upon the judgment.

No error.                                          Affirmed.