W. H. CLARK et al. v. SARAH R. HAY.

*Husband and Wife—Separate Estate of Married Woman.*

The separate estate of a married woman is not liable for goods supplied her without the written consent of the husband, unless the same are " for her necessary personal expenses or the support of the family." Goods supplied to enable her to keep a boarding-house are not within the meaning of §1826 of *The Code*, though the family be supported from the profits of the business.

(*Dougherty* v. *Sprinkle*, 88 N. C., 300; *Webster* v. *Laws*, 89 N. C., 225; *State* v. *Lanier*, Ibid., 517, cited).

CIVIL ACTION, tried at February Term, 1887, of FORSYTH Superior Court, before *Boykin, Judge.*

This action is prosecuted against the defendant, a *feme covert* when it was instituted, but whose husband died soon after, to recover the balance due on account for goods sold and delivered to her. On the trial, the plaintiff testified

that the defendant, a married woman, on the 31st day of March, 1884, came to his store and stated to him that she was intending to open a boarding-house in town, and made arrangements with the plaintiff to open an account with him to purchase supplies for her table. The plaintiff further testified, that the defendant promised to pay for the articles furnished, and that she from time to time made payments upon the account; that the defendant previous to that time had been engaged in running a boarding-house, and the articles mentioned in the complaint were sold to the defendant to supply the table of her boarding-house, by means of which to support herself and family. There was testimony showing that her husband, Dr. R. D. Hay, was a practicing physician with a lucrative practice, that he had no property, and paid no taxes, but that all the property occupied by the family, as well as all the other town property, was owned by the defendant; that she took out license to run a boarding-house in her own name; that her property was very valuable, and that her husband was at the time of her purchase of plaintiff's goods insolvent, and that his estate, he being dead, is now insolvent, which facts were known to the plaintiffs at the time the debt was contracted.

On cross-examination the plaintiff testified that the husband of defendant paid accounts of the defendant, which were kept separate from the boarding-house account.

The plaintiff further testified, that the account against the defendant was rendered to her from time to time, and that she made payments thereon herself, and that the articles purchased were such as were used in supporting the table at which she and her family ate their meals with their boarders.

There was other evidence tending to establish the affirmative of the issues submitted. The plaintiff admitted two

CLARK *v.* HAY.

payments were made on the account by the sister of defendant, but receipted for in name of defendant.

The defendant testified, and denied making the contract for goods and merchandise as alleged by the plaintiff, and denied that she was running a boarding-house, but that the same was operated by her sister; she denied that the articles were purchased or used by her for the support of herself and family, and the articles that were purchased from the plaintiff were used by her sister in running the boarding-house. It was in proof that the sister of defendant was wholly insolvent. There was other evidence on the part of defendant tending to establish her defence.

There was evidence that, prior to the contracting of the debt sued on, the defendant had been keeping boarders in her family, running an account with the plaintiffs in her own name, in which account articles purchased for the boarding-house were charged, and also owed the account. Articles not used in the boarding-house were charged. There was no evidence that the defendant, at the time of opening the account with the plaintiffs, in so many words expressly charged her separate property with the payment of the account. The defendant asked the Court to charge and instruct the jury that before they could find the first issue in favor of the plaintiffs, that they must be satisfied that the goods were sold to the defendant for necessary and direct consumption by the defendant and her family; that if the same were sold to her for the purpose of running a boarding-house, and for the profits arising from the boarding-house to support her family, that the plaintiffs could not recover.

The Court declined to give the instruction as asked for, but instructed the jury that if they found that the defendant was running the house, and that she and her family boarded there, and the goods bought to run the boarding-house for

the supporting herself and family, that they should find that issue for the plaintiff. Defendant excepted.

The defendant asked the Judge to charge on the second issue, that before they could find that issue in favor of the plaintiffs, they must be satisfied that at the time of making the contract the defendant agreed with the plaintiffs that her separate estate should be responsible for the debt. The Court declined so to charge the jury, but charged them that if they were satisfied from the evidence that the defendant bought the goods, and that the facts and circumstances attending the transaction were such that it could be reasonably implied that the plaintiffs, on the one hand, relied upon her separate estate for payment, and that defendant, on the other hand, intended to charge her separate estate, then they must find that issue for the plaintiffs. Defendant excepts.

The jury rendered their verdict, finding both issues in favor of plaintiffs. There was a motion for a new trial. Motion overruled; judgment for plaintiffs; appeal by defendant.

*Mr. C. B Watson,* for the plaintiffs.
*Mr. W. B. Glenn,* for the defendant.

SMITH, C. J., (after stating the case). The sole question presented in the appeal, growing out of the refusal of the instructions asked, and those given in substitution to the jury, is as to the binding force of the defendant's alleged contract. Was the liability incurred "for the support of the family" within the meaning of the clause of §1826 of *The Code?* Were family supplies procured to keep up a boarding-house, from which the family derived their support, embraced in the words quoted? We think it has a more strict meaning, and is confined to goods bought for the direct benefit of the members of the family, such as food, clothing, and other necessaries, and not for the successful prosecution of a business, from the

CLARK *v.* HAY.

profits of which such support is to be obtained, whether by keeping a boarding-house or a hotel, or by engaging in any other general occupation. For these larger outside operations, whose results are speculative, the written consent of the husband, whose advice should be sought, must be obtained, and this is the protection secured to her by the statute. Unless this distinction prevails, where is the limit to liabilities she may incur, by which her separate estate may be exhausted?

The preceding words, "except her necessary *personal expenses*," clearly indicate the extent and limit to which she may go in binding her separate property by her own individual independent act and without her husband's concurrence. A wider latitude of construction would take away the protection which the law gives to women under the disability of marriage, and imperil their estates. She may become a free-trader with her husband's approval, and thus emancipate herself from the restraints of her coverture. *The Code*, §1827. But otherwise she can only exercise the power given her by the act over her separate estate in entering into an executory contract with others. The subject is discussed by RUFFIN, J., in *Dougherty* v. *Sprinkle*, 88 N. C., 300. See also *Webster* v. *Laws*, 89 N. C., 225, and *State* v. *Lanier*, Ibid., 517.

In this view of the law, pertinent to the facts of the case, the defendant was entitled to have the jury instructed as she requested, and in the refusal of the Court to so charge, and in the charge given in place of it, there is error, and there must be a *venire de novo*, and it is so ordered.

Error.                                    *Venire de novo.*