## J. O. WILCOX v. THOMAS ARNOLD et al.

*Action on Note—Note of Married Woman—Validity—Ratification after Death of Husband.*

1. An action cannot be maintained on a note made by a married woman which does not purport to charge her separate estate nor to be for her benefit.

2. The bare promise of a widow to pay a note executed by her during her coverture, and therefore void, is not binding on her.

This was a CIVIL ACTION, tried upon appeal from a Justice of the Peace at Fall Term, 1894, of ASHE Superior Court, before *W. R. Allen, Judge presiding*, a jury being waived by both parties.

The plaintiff instituted his action before a Justice of the Peace, and declares on a note for about the sum of $35, which he alleged the defendant Nancy Arnold had executed. The defendant denied the execution of the note and relied upon the plea of coverture.

J. O. Wilcox, the plaintiff, was examined in his own behalf, and testified as follows: The note sued on is about nine years old. The names of Joseph Tyre and Nancy Tyre by Joseph Tyre are signed to it. Both names were signed

by Joseph Tyre. Nancy Tyre, now the defendant Nancy Arnold, was then the wife of Joseph Tyre. Some time before the note was given the Osbornes had instituted a suit against Nancy Tyre to recover a tract of land belonging to her, which was decided in her favor. About the time it was concluded Joseph Tyre, the husband, came to me and said he could not pay the lawyers, and asked me to lend him some money, and I then gave to him $20 or $25 in money and let him have some flour, the money and the flour making the amount of the note. Mrs. Nancy Tyre was not present, and Joseph Tyre did not put the money in his pocket but carried it to Major Neal, who was the attorney of Mrs. Tyre in her lawsuit with the Osbornes. During the lifetime of Joseph Tyre I was at his house and talked with her about the debt due me, and she said she was ashamed that she had not paid the money back. After the death of Joseph Tyre I saw the defendant Nancy and asked her if she was prepared to pay that note, and she pointed to three calves belonging to her, and said you can take them and credit them on the note, or she would keep and sell them and pay me what they sold for. The calves were worth $5 or $6 each. After this G. E. Goodman did some collecting for me and went to see the defendant about paying this note.

J. E. Goodman testified for the plaintiff as follows: The plaintiff, after the death of Joseph Tyre, gave me some accounts to collect against various parties, and among others one against the defendant Nancy Arnold, then Nancy Tyre, for about $7. I went to see her and she let me have a calf in payment of the account. She then asked me if I had a note against her in favor of the plaintiff, and I told her I did not. I then went to see the plaintiff and he gave me the note in this action to collect. I then went to see her again and presented the note. She said she could not pay

the note, that she had nothing to pay with. She did not seem to think all the note was due. She said she would pay this note and all her debts when she could.

It was admitted that at the time the note was given that the defendant Nancy Arnold was the wife of Joseph Tyre; that at the time of the conversation spoken of by the witnesses, Wilcox and Goodman, she was a widow, and that at the commencement of this action, and is now, a married woman. The defendant denied the truth of the statement made by the plaintiff and the witness Goodman, and denied that she authorized the making of the note, but the Court being of opinion against the right of the plaintiff to recover in this action, accepting the evidence offered by him to be true, so held, and the plaintiff excepted and submitted to judgment of nonsuit, and appealed.

*Messrs. Geo. W. Bower* and *R. A. Doughton*, for plaintiff (appellant).

No counsel, *contra*.

MONTGOMERY, J.: The defendant Nancy Arnold, while she was the wife of Joseph Tyre, executed, together with him, the note upon which suit was brought before a Justice of the Peace and which constitutes the basis of this action. It purports neither to charge her separate estate nor to be for her benefit; and if it had, the Court of a Justice of the Peace would have had no jurisdiction in the matter. *Dougherty* v. *Sprinkle*, 88 N. C., 300. The note as an executory contract had no validity. In *Farthing* v. *Shields*, 106 N. C., p. 289, this Court said, Justice SHEP-HERD delivering the opinion, "It is well settled by the uniform decisions of this Court that, except in the cases mentioned in *The Code*, Sections 1828, 1831, 1832, 1836, a *feme covert* is, at law, incapable of making any executory

contract whatever. Accordingly it has been determined that *The Code*, Section 1826, requiring the written consent of the husband in order to affect her real or personal estate, did not confer upon her (even when such written consent was given, or when the liability was for her personal expenses, etc.,) the power to make a legal contract. Its object was to require the written consent of her husband, in order to charge in equity her statutory separate estate, on the same principle which requires the consent of the trustee when the separate estate is created by deed of settlement. *Pippen* v. *Wesson*, 74 N. C., 437; *Flaum* v. *Wallace*, 103 N. C., 296."

The cases of *Vick* v. *Pope*, 81 N. C., 22, and *Neville* v. *Pope*, 95 N. C., 346, have no bearing on this case. In both of them the *femes covert* made no defence to the actions and allowed judgment to go against them by default. They became bound by the judgments.

The attempt of the plaintiff to hold the defendant liable on a new promise cannot be successful. His testimony and that of Goodman on this point was not sufficient to go to the jury; and if the promise had been proved it would be *nudum pactum* for the reason that there was no present consideration for the promise, and the consideration of the note was not for the benefit of her sole and separate estate.

There is no error in the ruling of the Court below and the judgment is affirmed.

Affirmed.