W. B. SANDERLIN v. E. W. SANDERLIN et al.

(Decided February 22, 1898.)

*Married Woman—Incapacity of Married Woman to Contract Without Written Assent of Husband.*

1. A married woman is incapable of making a contract affecting her separate estate except in the cases specifically excepted in Section 1826 of *The Code* and in those mentioned in Sections 1828, 1831, 1832 and 1836 of *The Code*, unless by the written assent of her husband.

2. Except in the cases mentioned in Sections 1826, 1828, 1831, 1832 and 1836 of *The Code*, a married woman can make no contract for which her separate estate will be liable, even with the written assent of her husband, unless she expressly or by necessary implication charges her separate estate with the payment of the obligation.

3. Where a married woman without the written consent of her husband employed, at an agreed salary, an overseer for her farm, (her separate estate,) upon the income from which she and her family were not dependent, no action will lie against the wife for such salary. (*Bazemore v. Mountain*, 121 N. C., 59, distinguished.)

CIVIL ACTION tried before *Bryan, J.*, at Spring Term, 1897, of CAMDEN Superior Court, on complaint and de-

122—1

murrer, the tenor of which is set out in the opinion of the Court. The demurrer was sustained and plaintiff appealed.

*Messrs. J. H. Sawyer* and *L. L. Smith*, for plaintiff (appellant).

*Mr. E. F. Aydlett*, for defendant.

DOUGLAS, J.: This is an action brought to recover a balance alleged to be due to the plaintiff from the *feme* defendant, E. W. Sanderlin, who is the wife of the co-defendant, G. W. Sanderlin. The complaint alleges among other things that the *feme* defendant employed the plaintiff at a salary of $400 per annum as overseer upon a farm which was her separate property, and that upon a settlement made between the plaintiff and G. W. Sanderlin, as agent for his wife, a balance was found due the plaintiff for which he has brought this action. Upon the cause coming on to be heard, the *feme* defendant demurred to the complaint, for that the complaint did not state facts sufficient to constitute a cause of action. The Court sustained the demurrer and rendered judgment dismissing the action. In this we see no error.

Section 1826 of *The Code* is as follows: "No woman during her coverture shall be capable of making any contract to affect her real or personal estate, except for her necessary personal expenses, or for the support of her family, or such as may be necessary in order to pay her debts existing before marriage, without the *written* consent of her husband, unless she be a free trader as hereinafter allowed." This was the Act of 1871–'72, Chapter 193, Section 17.

At common law the contract of a married woman was void, but it was held in equity that she might have an es-

tate settled to her separate use, and, that although she had
no power to bind herself personally, she might with the
concurrence of the trustee specifically charge her sepa-
rate estate, and courts of equity would enforce the
charge against the property. But her contract, in order
to create a charge must refer expressly, or by *necessary*
implication, to the separate estate as a means of pay-
ment, this being in the nature of an appointment or ap-
propriation. *Knox* v. *Jordan*, 58 N. C., 175; *Frazier*
v. *Brownlow*, 38 N. C., 237. Since the adoption of the
Constitution of 1868, she has or can have the legal as
well as the equitable estate, but this of itself does not
give her the unrestricted disposition of her property.
Its only effect was to do away with the necessary con-
currence of the trustee by vesting in her the legal title.
Her common law disabilities still continued. The Act
of 1871–'72, now Section 1826 of *The Code*, is restrictive,
and not enabling. Its effect is to require the written
consent of the husband, instead of the trustee, in all
cases not specifically excepted. This consent of the hus-
band does not give validity to all contracts, but simply
to such as before the statute she might have made with-
out his consent. *Pippen* v. *Wesson*, 74 N. C., 437;
*Huntley* v. *Whitner*, 77 N. C., 392; *Arrington* v. *Bell*,
94 N. C., 247; *Roundtree* v. *Gay*, 74 *N. C.*, 447; *Hall* v.
*Short*, 81 N. C., 273; *Dougherty* v. *Sprinkle*, 88 N. C.,
300; *Flaum* v. *Wallace*, 103 N. C., 296, 304. In *Far-
thing* v. *Shields*, 106 N. C., 289, quoted and approved
in *Wilcox* v. *Arnold*, 116 N. C., 708, this Court said:
"It is well settled by the uniform decisions of this Court
that, except in cases mentioned in *The Code*, Sections
1828, 1831, 1832, 1836, a *feme* covert is, at law, inca-
pable of making any executory contract whatever. Ac-
cordingly it has been determined that *The Code*, Section

1826, requiring the written consent of the husband in order to affect her real or personal estate, did not confer upon her (even when such written consent was given or when the liability was for her personal expenses, etc.) the power to make a *legal* contract. Its object was to require the written consent of her husband in order to charge in *equity* her statutory separate estate, on the same principle which requires the consent of the trustee when the separate estate is created by deed of settlement." In the case at bar, there is no allegation that the contract was made with the written consent of the husband, and in fact it does not appear that there was any written contract at all; nor is it alleged that the wife was in any way dependent upon the income from the plantation for the necessary support of herself and family. On the contrary, it states that the husband holds a position under the government of the United States and that the wife resides with him. This case is therefore clearly distinguishable from that of *Bazemore* v. *Mountain,* 121 N. C., 59, which, while receiving the full approval of this Court, carries the doctrine in that direction as far as we feel at liberty to go. In the words of Chief Justice Smith in *Clark* v. *Hay,* 98 N. C., 421, 425, "A wider latitude of construction would take away the protection which the law gives to women under the disability of marriage, and imperil their estates."

The *feme* defendant is entitled to the just protection given to her by law, and the judgment is therefore affirmed.

Affirmed.

FAIRCLOTH, C. J., did not sit on the hearing of this appeal.