MARTHA L. LANCASTER v. G. Z. LANCASTER.

(Filed 10 September, 1919.)

**Constitutional Law—Husband and Life—Lunatic—Statutes—Deeds and Conveyances.**

The provisions of the Revisal, sec. 2116, dispensing with the necessity of the written consent of the husband to the conveyance by the wife of her lands when he has "been declared an idiot or a lunatic" is not inhibited by our State Constitution, Art. X, sec. 6, or in conflict with Revisal, sec. 1898, providing for proceedings by petition before the clerk to obtain an order of sale, the remedy given by these two sections being in the alternative, and optional by the wife as to which may be pursued.

APPEAL by defendant from *Bond J.,* at June Term, 1919, of EDGE-COMBE.

The plaintiff was seized in her own right of the land described in the pleadings. Her husband having been declared a lunatic and being confined in the hospital at Raleigh, she contracted to sell the land to the defendant, who refused the deed tendered by the plaintiff upon the sole ground that she could not convey title thereto by a good and sufficient deed without the written assent of her husband. The court gave judgment for the plaintiff, and the defendant appealed.

*F. S. Spruill and W. O. Howard for plaintiff.*
*H. D. Hardison for defendant.*

CLARK, C. J. The sole question raised is whether or not the plaintiff, whose husband had been declared a lunatic, can, during the continuance of such lunacy, convey her land without the written assent of her husband, under sec. 2116 of the Revisal; in other words, whether or not this section is in violation of sec. 6, Art. X, of the Constitution.

This statute is clear and unambiguous. It provides, among other things, that "Every woman . . . whose husband shall have been declared an idiot or lunatic shall be deemed and held from the date . . . of such idiocy or lunacy, and during its continuance, a free trader, and shall have power to convey her personal and real estate without the assent of her husband." Every presumption is in favor of the validity of an act of the Legislature.

The very next section, Rev., 2117, provides that "Every woman whose husband shall abandon her or shall maliciously turn her out of doors shall be deemed a free trader . . . and shall have power to convey her personal estate and her real estate without the assent of her husband." This has been held valid in *Vanderford v. Humphreys,* 139 N. C., 65; *Finger v. Hunter,* 130 N. C., 531; *Brown v. Brown,* 121

N. C., 8; *Hall v. Walker,* 118 N. C., 377, all of which have been cited and approved recently by *Allen, J. Bachelor v. Norris,* 166 N. C., 508.

For a stronger reason, sec. 2116, authorizing the wife to convey when the husband is wholly unable by reason of mental incapacity, duly adjudged, to give his assent, is a valid exercise of the legislative power.

A reasonable construction must be put upon the constitutional provision. The husband's assent cannot be required when either by reason of mental incapacity he is unable to give assent, or by his conduct in abandoning his wife or maliciously turning her out of doors he has practically emancipated her, for in both cases she must rely upon her property or her labor for her support.

Section 2116 has been referred to in a number of cases as an exception to the constitutional provision which requires the assent of the husband, though not directly construed. In these cases it is stated that the husband's assent to the conveyance of the realty is required "except in cases under secs. 2116 and 2117." *Council v. Pridgen,* 153 N. C., 443; *Harvey v. Johnston,* 133 N. C., 352; *Sanderlin v. Sanderlin,* 122 N. C., 1; *Moore v. Wolfe, ib.,* 715; *Farthing v. Shields,* 106 N. C., 295; *Hodges v. Hill,* 105 N. C., 130; *Flaum v. Wallace,* 103 N. C., 304; *Sparks v. Sparks,* 94 N. C., 527.

It is inconceivable that in either of these cases the wife should be debarred from using her own property when the husband by his abandonment of her or turning her out of doors, or by reason of his mental incapacity has left her to fight the battles of life alone. The Constitution could not have intended this, and we concur that the legislative construction as expressed in secs. 2116 and 2117 is reasonable and valid.

In *Hall v. Walker,* 118 N. C., 380, the Court said: "There is no constitutional inhibition on the power of the Legislature to declare where and how the wife may become a free trader. Cons., Art. X, sec. 6, was not intended to disable but to protect her."

It is true that Rev., 1898, provides that the wife of a lunatic owning real estate may proceed by petition before the clerk and obtain an order to sell the same. This is not in contradiction of sec. 2116, but is an optional alternative method to which the wife can resort if for any reason it should be desirable that in future the record of the deed should show that at the time of the conveyance the husband had been adjudged a lunatic. This would prevent the possible necessity of the grantee proving that fact at some future date.

If the Legislature could dispense with the literal requirement of "the assent of the husband" by the wife obtaining the leave of the clerk it could dispense with it, without his leave, upon the same state of facts. The order of the clerk is only a contemporaneous certificate that the

husband had been adjudged insane at the time of the conveyance, and that the sale is to her interest in his judgment. The Constitution does not require the approval of the clerk. That is purely legislative and is dispensed with in the alternative method prescribed by Rev., 2116.

Rev., 2111, also provides that if the husband shall separate from his wife and live in adultery, or shall wrongfully abandon his wife, or if a divorce from bed and board shall be granted her, she may "sell and convey her real property as if she were unmarried."

Rev., 959, provides that when the wife is a lunatic the husband may convey his own land without her joinder, "free and exempt from the dower rights and all other interests of his wife," with exception only of a conveyance of the homestead.

The husband has no interest in the wife's land beyond a contingent right of curtesy if she makes no will. By Rev., 2116, the Legislature holds his "written assent" to her conveyance of her land unnecessary when there is a legal adjudication that the husband is insane and hence unable to give his assent. When he cannot give or refuse assent, the Legislature says he need not.

Affirmed.