CHARLES ELLIOTT AND ANNIE T. ELLIOTT v. EULA MAY McMILLAN.

(Filed 20 October, 1920.)

**Husband and Wife—Bills and Notes—Notes—Negotiable Instruments—Endorsement of Married Women—Common Law—Statutes.**

An endorsement of a married woman of her husband's note in a State where the common law prevails, unaffected by statute, is void; and payment thereon made by her after her husband's death and her naked promise to pay the balance is without consideration, and not enforcible as her ratification of the transaction after discoverture.

CIVIL ACTION, tried before *Allen, J.,* at March Term, 1920, of CUMBERLAND, upon the following issue:

"In what amount, if any, is defendant, Mrs. Eula May McMillan, indebted to the *feme* plaintiff, Mrs. Annie Theresa McMillan Elliott? Answer: '$3,011.35, to be paid by Eula May McMillan to Mrs. Annie T. Elliott.'"

From the judgment rendered the defendant appealed.

*Rose & Rose for plaintiffs.*
*Robinson & Robinson for defendant.*

BROWN, J. The note sued on was executed in the State of Florida by W. A. McMillan, and endorsed there by the defendant, who was his wife. The husband is dead, and this action is brought in the State of North Carolina to recover from the defendant, his widow, as endorser of the note, she being now a resident of this State.

After the husband's death, the defendant made a payment of $1,500 on the note, and promised to pay the balance while in North Carolina. She wrote a letter in October, 1918, in which she stated, "I want to pay Annie in full right away."

The counsel for the defendant, Miss Robinson, in a very full and able argument, contends that the note, having been executed and endorsed in Florida, is a Florida contract, and controlled by the laws of that State, that the common-law rule prevails in Florida, and that under it the endorsement is void. She further contended that as the original note was void as to the married woman's endorsement, neither a new promise nor a part payment thereon, made without valuable consideration, by her after discoverture is binding.

The authorities cited by counsel for defendant appear to sustain her position. Sec. 59, Gen. Stat. of Florida of 1906. As early as 1877 the Supreme Court of Florida held, in the case of *Dolner v. Snow,* 16 Fla., 66, that the promissory note of a married woman is void, and that the Constitution and statutes of Florida make no change in the rule of common law, and that neither at law nor in equity can she bind herself so as to authorize a personal judgment against her. This was the law prevailing in this State up to recent years.

It is contended that the defendant ratified her contract and promised to pay the note after her husband's death. The promise to pay the note was not founded upon any new consideration. Since at common law all contracts of a married woman, with some exceptions (this not being one), were void *ab initio,* they could not be ratified either during coverture or after discoverture. Elliott on Contracts, vol. 1, p. 637. She is not bound by a new promise made after discoverture without additional consideration. As the wife was incapable of making such contract in the beginning, a new promise based upon the old consideration solely, is *nudum pactum.*

In *Long v. Rankin,* 108 N. C., 333, it is held that "The note of a married woman being void, a promise to pay the same, after discoverture, must be founded upon a new consideration, or the original transaction must have been of such a character as to have constituted an equitable charge upon her separate estate." See Mordecai's Law Lectures, vol. 1, ch. 6, p. 329; *Felton v. Reid,* 52 N. C., 271; *Wilcox v. Arnold,* 116 N. C., 708. In the latter case it is held that: "The bare promise of a widow to pay a note executed by her during her coverture, and therefore void, is not binding on her." This case is cited with approval in 119 N. C., 326, and 133 N. C., 360.

The prayer for instruction, that upon the entire evidence plaintiffs were not entitled to recover, should have been granted.

New trial.