The action sought to have a note executed by the defendants declared a charge upon the separate personal estate of the feme defendant, a married woman. The complaint alleged: *Page 384 
1. That the defendants executed to C. F. Powell Co., their promissory note on or about 20 December, 1889, for the sum of $81.07 in the following words and figures, to wit:
"$81.07. Six months after date we, J. M. Craigmiles and M. S. Craigmiles, promise to pay to the order of C. F. Powell Co. the sum of eighty-one (81) dollars and seven (7) cents for value received, and the said J. M. Craigmiles, husband of the said M. S. Craigmiles, hereby consents that the above note shall be a charge on the separate property of his said wife for the payment of this note. Witness our hands and seals, this 20 December, 1889. "J. M. CRAIGMILES. (Seal)
"M. S. CRAIGMILES. (Seal)"
(615) 2. That the said note was executed for the individual benefit and improvement put upon the individual property of the said M. S. Craigmiles, who is, and was at the time of contract, the wife of defendant J. M. Craigmiles.
3. That the said M. S. Craigmiles is owner in her individual capacity of property subject to the payment of this debt, as this plaintiff is informed and believes.
4. That this plaintiff is owner by assignment to him for value of the note sued upon in this action, and that the same is now due to this plaintiff.
Wherefore plaintiff asks the judgment of the court:
1. For the sum of the said debt and interest and costs of the action.
2. That the same be adjudged to be a charge on the individual personal property of the said defendant M. S. Craigmiles, wife of the said J. M. Craigmiles, and that the same be sold to pay the same.
The feme defendant, M. S. Craigmiles demurred to the complaint upon the ground "that the complaint fails to allege that the contract sued upon was made with the written consent of her husband; and that the note sued upon was given for necessaries for this defendant, or her family; and that the contract made by her was such a contract as she was authorized by statute to make.
"Also because it fails to allege that said note was executed as a charge upon any particular piece of real estate or any particular personal property.
"It fails to set forth what real estate or personal property, if any, this defendant owns."
The demurrer was sustained, and plaintiff appealed.
From the context of the writing sued upon we are of the opinion that it was intended to expressly charge (616) the separate estate of the wife, and it is effective for that purpose so far as the separate personal estate is concerned. In the case of an express charge it is not necessary that it should appear that the consideration is beneficial to the wife; nor is it necessary that the separate estate should be specifically described. Flaum v. Wallace,103 N.C. 296. It is also unnecessary that the assent of the husband should be signified by a separate clause. His execution of the paper jointly with his wife is a sufficient compliance with the law in this respect. Farthing v. Shields, 100 N.C. 289.
This obligation, however, being in the nature of an executory contract and enforceable only in equity by declaring it a charge upon the separate estate (Dougherty v. Sprinkle, 88 N.C. 300), it is necessary that the complaint should describe the property sought to be charged, and as the plaintiff has failed to do this the demurrer was properly sustained by his Honor. Such is the logical effect of holding an action of this kind to be in the nature of a proceeding in rem 1 McCord, Married Women, 254. See alsoBell v. Arrington, 94 N.C. 247, in which the proper averments were made. In Dougherty v. Sprinkle, supra, the case of Hulme v. Tenant, 1 Brown C. C., 16, and 2 Story Eq. Jurisprudence, 1397, were cited, and it will be seen from these authorities and many others referred to in the notes that the property, or at least so much of it as is sought to be charged, must be described in the complaint.
In Sexton v. Fleet, 6 Abbott Prac. Rep. N. Y., 10, it is said: "Whenever this equitable relief has been granted to a creditor he has set forth in his bill or complaint the particular property out of which he has asked to have the debt satisfied Vanderboyden v. Mallory, 3 Barb. C. R. 9; N. A. Coal Co. v. Dyett, 20 Wend., 570, and (617) see all the cases collected in the English and American notes toHulme v. Tenant, 1 White Tudor's L. C. Eq., 65; see also, McQueen, Husband and Wife, 294; 1 Daniel Chancery Prac., 205); and where bills have been filed to enforce a charge upon the wife's property, merely averring that she has a separate estate, without stating its character, nature or kind, they have been dismissed."
It may be observed, in conclusion, that in proceedings of this kind equity will in proper cases lend its aid by the appointment of a receiver or such other interlocutory orders as may be necessary to protect the rights of a creditor. Coon v. Brook, 21 Barb., 548.
Affirmed. *Page 386 
 Cited: Ulman v. Mace, 115 N.C. 27; Witz v. Gray, 116 N.C. 54; Batesv. Sultan, 117 N.C. 102; Bank v. Ireland, 122 N.C. 574; Mahoney v.Stewart, 123 N.C. 111; Jennings v. Hinton, 126 N.C. 51, 57; Bazemore v.Mountain, ib., 317; Brinkley v. Ballance, ib., 397; Rawls v. White,127 N.C. 20; Ball v. Paquin, 140 N.C. 97; Graves v. Johnson,172 N.C. 180; Satterwhite v. Gallagher, 173 N.C. 529; Stallings v.Walker, 176 N.C. 324.