ULMAN, BOYKIN & CO. v. U. S. MACE and ELLA R. MACE.

*Contract of Married Woman—Suit to Charge Separate Estate of Married Woman—Practice.*

In a suit to charge the separate estate of a married woman with her contract, it is necessary that the complaint shall specifically set out and describe the property sought to be charged.

This was a CIVIL ACTION, heard before *Graves, J.,* at the Spring Term, 1894, of CRAVEN Superior Court.

Judgment by default having already been entered against the defendant U. S. Mace, the action was heard as to the defendant Ella R. Mace only.

The plaintiffs, at the preceding term of Court, having been allowed to amend their complaint as to the defendant Ella R. Mace, filed the following amendments to said complaint, which alone are material, and present the points involved in the demurrer:

"1. That, as the plaintiffs are advised, informed and believe, the contracts for the goods, wares and merchandise set out in articles 1 and 2 of the complaint and in the invoices or accounts attached to said complaint as a part thereof, were made by the defendant Ella R. Mace, with the written consent of her husband, said defendant U. S. Mace; that said Ella R. Mace has a separate estate real or personal, and said contracts inured to her benefit, and were for the benefit of said estate. That said U. S. Mace and Ella R. Mace are husband and wife, but that at the time said goods were sold and delivered to them, as the plaintiffs are informed, advised and believe, the said U. S. Mace and Ella R. Mace were trading and doing business in the city of Newbern, N. C., under the firm name and style of Mace & Co., and that said goods were sold to Mace & Co., and delivered to said Mace & Co., at said city, upon the written orders of said Mace & Co., signed by U. S. Mace for Mace & Co., in the firm name, as plaintiffs believe and allege, and that such written orders and letters for said goods constitute in law a valid contract, binding on the defendant Ella R. Mace, though a married woman, the same being made with the full consent of her said husband in writing, and inuring to the benefit of her separate estate, as aforesaid. That, as plaintiffs are advised, informed and believe, the said written orders and letters for the said goods were written by and are in the handwriting of U. S. Mace, the husband of the said Ella R. Mace.

" 2. That, as plaintiffs are advised, informed and believe,. U. S. Mace is insolvent, while Ella R. Mace is solvent, and that said Ella R. Mace was the solvent member of the firm of Mace & Co., at the time the goods were purchased by said firm from plaintiffs, and plaintiffs relied upon her solvency, and look to all members of said firm as responsible for their indebtedness."

Wherefore, plaintiffs demand judgment that they do recover of said defendant Ella R. Mace the sum of $454.06, and their costs of suit, to be levied and collected of her separate estate, and for such other relief as they may be entitled to in law and equity.

Counsel for defendant Ella R. Mace demurred *ore tenus* to the complaint as amended, for that it did not state facts sufficient to constitute a cause of action, in that it failed to describe or set out with sufficient definiteness the separate estate of the *feme covert.* On motion of plaintiffs' counsel, he was permitted to amend the complaint by striking out the words, " real and," so that the same should read, "That the defendant Ella R. Mace has a separate personal estate." Defendant demurred *ore tenus* to the complaint as further amended, for the same cause as stated. Demurrer overruled. Defendant excepted.

Issues, as appear in the judgment, were submitted to the jury, and upon verdict for plaintiffs, the following judgment was rendered :

"This cause coming on to be heard at this term, and being heard before his Honor Jesse F. Graves, Judge, and a jury, upon the pleading and proof, it is adjudged that the demurrer of the defendant Ella R. Mace to the complaint made *ore tenus* be overruled. And, thereupon, upon the evidence submitted to the jury, the jury having found all the issues in favor of the plaintiffs and against the defendant Ella R. Mace, and that the plaintiffs are entitled to recover of defendant Ella R. Mace the sum of $113.50, with interest, as follows:

ULMAN *v.* MACE.

" 1. Was Ella R. Mace a member of the firm of U. S. Mace & Co. at the time of the purchase of the goods specified in the complaint by said firm from plaintiffs?" Answer, "Yes."

" 2. Did Ella R. Mace contract said debt with the written consent of her husband?" Answer, " Yes.".

" 3. Did Ella R. Mace, at said time, and does she now own a separate personal estate?" Answer, "Yes."

" 4. Did the purchase of said goods benefit and enlarge the said separate personal estate of Ella R. Mace?" Answer, " Yes."

" 5. How much is due by the defendant Ella R. Mace to the plaintiffs?" Answer, "$113.50, with interest."

"And judgment in this action having been heretofore duly rendered against U. S. Mace, it is now ordered and adjudged that the plaintiffs do recover of the defendant Ella R. Mace the sum of $113.50, with interest from maturity, August 1, 1891, until paid, and the costs of this action to be taxed by the Clerk, to be levied and collected of the separate personal estate of the defendant Ella R. Mace, and that execution issue accordingly."

*Mr. C. R. Thomas,* for plaintiffs.
*Mr. O. H. Guion,* for defendant (appellant).

PER CURIAM: His Honor was probably unaware of the unreported case of *Jones* v. *Craigmiles,* 114 N. C., 613, in which it was held that the property should be described.

Reversed.