R. C. BAZEMORE v. W. E. MOUNTAIN and wife.

*Practice—Non-Suit—Appeal—Married Woman—Contract for Support of Family—Separate Estate of Married Woman—Agency of Husband.*

1   In the consideration of an appeal from a judgment of non-suit the evidence must be taken in its strongest light against the defendant and every thing it tends to prove must be taken as proved.

2.  The contract of a married woman, made for the support of herself and family, is valid and her separate estate is liable therefor.

3.  A husband may be the agent of his wife in the management of her separate estate and for his contracts, as such agent, made for the support of herself and family, her separate estate is liable.

4.  Where, in the trial of an action to subject the separate estate of a married woman to the payment of a debt alleged to have been contracted for the support of her family, it appeared that the wife owned farm lands in her own name. that her husband contributed nothing to the support of the family; that her only means of support was the rental from her lands which she was unable to rent without furnishing supplies to the tenants; that she had no supplies and could not furnish them except by contracting with some one else to do so and that she contracted with the plaintiff to furnish such supplies; *Held*, that such contract was for the benefit of the wife and family and necessary for their support and her separate estate is liable therefor.

CIVIL ACTION tried before *Robinson, J.*, and a jury, at the Fall Term, 1896, of BERTIE Superior Court. After the evidence was in, His Honor intimated that plaintiff could not recover upon his evidence and he, thereupon, submitted to a non-suit and appealed.

*Mr. Francis D. Winston,* for plaintiff (appellant).
*Mr. R. B. Peebles,* for defendant.

FURCHES, J.    This action is brought against the defendants W. E. Mountain and Patty W. Mountain, his wife, for supplies furnished one Spruill, a tenant of the *feme* defendant.    The allegations of the plaintiff are that the defendant Patty is the owner in her own right of valuable real estate, consisting mainly of farming lands upon which she has mules and farming implements suitable for its cultivation.    That her husband is of no account, has no income and does not contribute anything to the support of his wife and family.    And they have no means of support except from the rents of the land of the *feme* defendant.    That she was unable to rent her land without making advancements to the renter to enable him to cultivate the crops.    This she could not do, as she had neither the supplies nor the money to buy them, and could only do so by procuring some one else to furnish them for her.    That the defendant, W. E. Mountain, was the agent of the *feme* defendant, and as such agent he contracted with the plaintiff to furnish the supplies sued for in this action.    And His Honor says, in making up the case on appeal, that there was evidence tending to prove all these facts.

At the close of the evidence, the court intimated an opinion that the plaintiff had not made a case and could not recover.    Upon this intimation the plaintiff submitted to a judgment of non-suit and appealed.

As the evidence must be taken in its strongest light against the defendant, every thing it tends to prove must be taken as proved in the consideration of this appeal.    *White* v. *R. R. Co.,* at this term.

It must therefore be taken as facts proved that the defendant, W. E. Mountain, was the agent of the *feme* defendant, Patty; that she was the owner in her own right of a valuable

landed estate suitable for farming purposes, stocked with mules and furnished with farming implements; that her husband was of no account, had no income and contributed nothing to the support of his family, the *feme* defendant and their children; that the rents from these lands were the only means the *feme* defendant had of supporting herself and family; that she could not rent her lands without furnishing supplies to her tenant to aid in making the crops; that she did not have the supplies to furnish, nor the money with which to buy them; and the only means she had of furnishing supplies was by contracting with some one to do so for her, and that W. E. Mountain, as the agent of the *feme* defendant, contracted with the plaintiff to furnish the supplies, sued for, to one Spruill, the tenant of the *feme* defendant, and they were furnished under that contract.

Taking these facts to have been proved by the evidence, as we must do in this appeal, there is error.

The husband may be agent of his wife. *Witz* v. *Gray*, 116 N. C., 48. If the *feme* defendant could make this contract with the plaintiff, she could make it by her agent. If it was for the support of herself and family, she had the right to make the contract, and her separate personal estate is liable for its payment. *Code*, Section 1826; *Flaum* v. *Wallace*, 103 N. C., 296.

The only remaining question, and the one upon which we suppose His Honor based his ruling, is, Was this contract for the benefit of the *feme* defendant and her family? And, when we consider that the only means of support she had was the rents from her lands, that she was unable to rent them without furnishing supplies to her tenants, for which she as landlord would have a first lien for their payment as they were her supplies, though delivered to defendant's tenant by the plaintiff, and that she had no means of furnishing them, except by a contract with some one else

to do so for her, we must hold that this contract was for the benefit of the *feme* defendant and her family, and that under Section 1826 of *The Code* she is bound by the contract, and that her separate personal estate is liable for the same.

There is error. The judgment of non-suit must be set aside and a new trial awarded.

Error.