J. & E. MAHONEY *v.* J. P. STEWART.

(Decided October 25, 1898.)

## *Administrators—Contracts of Husband and Wife for Wife's Benefit—Mortgages.*

1. The general rule is that an administrator must first apply the personal property in payment of debts, before resorting to the real property of the intestate—nor is the rule varied by the fact that the debts are secured by mortgage on the land of the intestate.

2. While the appointment of a receiver and order of injunction may be resorted to by a judgment creditor of an insolvent husband, who survives his wife and who is attempting to dispose of the interest he may have in her estate, yet these proceedings are not applicable to her administrator, where there is no *devastavit*, committed or threatened.

SUPPLEMENTAL PROCEEDINGS prosecuted by the plaintiffs, judgment creditors of the defendant, their insolvent debtor, to subject his interest in his deceased wife's estate, in the hands of her administrator, M. C. Braswell. The proceedings, issued from the Superior Court of Nash County, were served upon both J. P. Stewart and the administrator, and came on to be heard, upon an application for an order of injunction and for a receiver, before *Brown, J.*, at CHAMBERS, Rocky Mount, September 1, 1898.

His Honor granted the injunction order against both the defendant and the administrator, and both appealed.

The circumstances are fully stated in the opinion filed.

*Mr. H. G. Connor*, for appellant.
*Mr. Jacob Battle*, for appellee.

FURCHES, J.: M. C. Stewart was the wife of the defendant, J. P. Stewart, who died intestate in July, 1898, and M. C. Braswell, soon after her death, at the request of the husband, J. P. Stewart, administered on the estate of the deceased wife. At the death of the intestate wife, she was the owner of real estate of the estimated value of about $4,000 and of personal estate of the estimated value of about $5,500, and $5,000 of this consists of a life insurance policy which the administrator has collected since her death. The real estate owned by the intestate wife at the time of her death, was bought by her at public sale made by a commissioner under an order of Court; that of the purchase money there remained an unpaid balance of $1,055.81, which prevented her from getting a deed for the same. This sum, at the request of the intestate,

T. P. Braswell & Son, paid off in April last, and the intestate and her husband, the defendant J. P. Stewart, executed to them their promissory note for the same, to be due on the first of December next.

For the purpose of enabling the intestate to have said lands cultivated for the year 1898, and for a balance she owed them for advances made last year, she became indebted to said Braswell & Son to the amount of $2,085.14, for which she and her husband executed their promissory note, to be due on the first of November next. To further secure the payment of these notes, they executed a deed in trust on the lands of the *feme* defendant to one John M. Sherrod; that these two debts and a debt of $450 due Thomas H. Battle are all the debts the intestate owed, and are all that her estate is liable for, except funeral expenses and cost of administration; that the intestate at the time of her death left her husband, J. P. Stewart, and three minor children, and the said M. C. Braswell has been appointed and has become the guardian of the minors.

But J. P. Stewart, the surviving husband, is insolvent and the plaintiffs have recovered several Justice's judgments against him, which they have caused to be docketed, amounting in the aggregate to some $1,200 or more. Upon these judgments they have taken out supplementary proceedings and have had them served on the administrator. In this proceeding the plaintiffs claim that the administrator is about to pay off and satisfy the two notes above specified, due to F. P. Braswell & Son, out of the money collected on the $5,000 insurance policy; that these debts and the debt of T. H. Battle, if so paid out of the personal estate, and the costs and expenses of administration, burial expenses, etc., will consume the whole of the personal estate of

the intestate wife; and the insolvent husband, the debtor of the plaintiffs, would get nothing from said personal estate, and the plaintiffs would thereby be *defrauded* of their just debts. The plaintiffs say that the administrator has no right to do this; that the debts to T. P. Braswell & Son and the debt to T H. Battle, also secured by mortgage, be paid out of the land so mortgaged as *security* for the payment of said debts, thereby relieving the personal assets from the payment of the same; that the insolvent husband might get the personal estate out of which the plaintiffs and other creditors of the insolvent husband might make their debts, which they hold against him.

There is no suggestion that the administrator is insolvent, or that he has not an abundantly good bond. In fact, it was stated and admitted on the argument that the administrator was a good man, was entirely solvent, and that his bond was in the sum of $11,000 and was abundantly good.

Upon these facts, the plaintiffs ask that the administrator be enjoined and restrained from paying these debts secured by mortgage; that he be enjoined from paying the defendant, J. P. Stewart, anything on his distributive share; and that the defendant J. P. Stewart, be enjoined and restrained from receiving, assigning or disposing of any part or interest he may have in his wife's estate, and for the appointment of a receiver. The Court upon the hearing granted the orders of injunction as prayed for and appointed a receiver, and from this judgment the defendant Stewart and the administrator appealed.

Injunctions are usually and, so far as we remember, only resorted to in cases of administration to protect legal rights of parties interested in the estate, where

there is likely to be a misapplication—a *devastavit*—by
an insolvent administrator or executor. But this pro-
ceeding does not seem to be based on such considera-
tions as these, but to enjoin and restrain a solvent ad-
ministrator from paying the debts due by his intestate's
estate, and to prevent him from distributing the residue
after paying debts and costs of administration, under
the statute of distributions. We do not think the Court
is invested with this power. The administrator is ad-
mitted to be abundantly solvent, and if he makes a mis-
appropriation of his intestate's estate, he commits a *de-
vastavit*, and both he and his bond will be liable to those
interested.

There are two grounds suggested for this interference
of the Court in the course of this administration. One
is that the notes of T. P. Braswell & Son and T. H.
Battle are not the debts of the intestate. But this posi-
tion was virtually abandoned on the argument of the
case by the learned counsel for the plaintiffs. He says
in his brief that "J. P. Stewart's wife left a consider-
able personal estate and owed nothing except the debts
due to T. P. Braswell & Son and T. H. Battle, which
could only be paid out of the land and crop specifically
charged." "The indebtedness against the *feme covert*,
Martha C. Stewart, in favor of T. P. Braswell & Son,
$2,080.14, $1055.81, $3,137.95 and interest expressly
charged by the trust deed, etc." The "real estate with
the crops is abundantly sufficient to pay the debts due
to T. P. Braswell & Son and T. H. Battle, these being
all the debts the intestate owed."

And these concessions on the part of the plaintiffs
that they were the *debts of the intestate* are fully sus-
tained by *Farthing* v. *Shields*, 106 N. C., 289, and *Jones*

v. *Craigmiles*, 114 N. C., 613, and cases cited in these opinions.

The other is that they were secured by mortgage. But these notes being a part of the indebtedness of the intestate, they are none the less so because she gave security for their payment. A mortgage to secure the payment of a debt is not the debt, but it is only a security. It does not pay the debt, nor change its nature. These notes still being the evidences of the debts, and as it appears were made by the intestate for her own benefit, it follows that they should be paid out of her personal estate—the primary fund for the payment of debts of intestate's estate. *Pate* v. *Oliver*, 104 N. C., 458, 468.

But while it is admitted that the general rule is that personal assets must be first exhausted in the payment of debts before real estate can be resorted to by the personal representative, it was contended that this case does not fall under the general rule, for the reason that the intestate secured these notes by mortgage. And this contention seems to be based upon *Moore* v. *Dunn*, 92 N. C., 67, which was cited as authority for this position. If *Moore* v. *Dunn* should be construed to hold what the plaintiff claims it does, it would be in conflict with the well established principles of our law, and in conflict with all our decisions. We cannot give it this construction. Were we to do so, we would be compelled to declare it an error and to overrule it.

But we do not think it necessarily calls for that construction. It must mean to be applied in cases where the land is originally charged with a sum of money or a debt: As where land is devised or conveyed subject to the payment of a sum of money or a debt; or, as in cases of owelty of partition, and probably in other cases.

In *Moore* v. *Dunn*, the claim of the plaintiff grew out of the surrender of a life estate in land charged with an annuity, which was afterwards attempted to be secured by a mortgage on a part of the land. In this view of the case, *Moore* v. *Dunn*, may be sustained.

In the argument before us, the appointment of the receiver and the order of injunction were not resisted so far as they relate to the said J. P. Stewart; and it may be that they were proper, so far as he is concerned, as a means of preserving what comes or would have come into his hands, from being wasted, but not as a means of putting into his hands what does not belong there.

Therefore, the order appointing a receiver and of injunction is continued so far as it applies to the defendant, J. P. Stewart. But it was erroneously granted as to the administrator, M. C. Braswell, and his administration, and as to these, it is dissolved and vacated. But the plaintiffs will be taxed with the costs of this appeal.

Modified and affirmed.