RICHARD HAIRSTON v. R. B. GLENN, Administrator of William Hairston.

*Husband and Wife— Wife's Earnings—Gift from Husband.*

1. While a husband is entitled to the earnings of his wife, he may consent to their becoming and remaining her separate property, the validity of the gift being subject, of course, to the same rules which govern voluntary conveyances ; hence,

2. Where a husband and wife deposited their earnings in a bank, the former telling the cashier that they were their joint earnings and that he desired a certificate in their joint names, and it was so given, and no rights of creditors intervened ; *Held*, that the transaction was a valid gift of one-half of the money to the wife.

CIVIL ACTION, heard before *Hoke, J.*, at January, 1897, Special Term of FORSYTH Superior Court, on a case agreed as follows:

Facts agreed: "Ruth Hairston is the wife of William Hairston, who is now dead, and R. B. Glenn is his administrator. Richard Hairston and Ruth Hairston, are the sole legatees of William Hairston's estate. There are no creditors. W. Hairston worked for wages in a factory, and, with his consent and knowledge, Ruth did the same. As they collected their wages, they would deposit them in the First National Bank, taking certificates for the same.

They always went to the bank together, and William told the cashier, in presence of Ruth, that the money belonged to both of them, was their earnings, and that he wanted the certificate made out in the name of William and Ruth Hairston, and that, in case of the death of either of them, he wanted the survivor to have all the money. At his request and by his direction, the certificate was made in their joint names, and returned by the cashier to William. Seven hundred and fifty dollars is now in the hands of the administrator. Plaintiff contends that this amount should be distributed by the administrator, and the administrator and Ruth contend that this half of the $1,500 certificate belongs absolutely to the defendant, Ruth. The court, upon these facts, is asked to direct the proper distribution of the fund.''

His Honor rendered judgment as follows: ''It is adjudged that the intestates, William Hairston and Ruth Hairston are tenants in common, and are entitled to one-half of·the money, and that on the death of William his part belonged to his administrator, and should be collected by R. B. Glenn, administrator; that the other half is the property of Ruth, and should be delivered to her; and, it appearing that the bank holds the fund, the bank is hereby authorized to pay the same to Ruth Hairston, now Ruth ·Griffith, or to her attorneys, Glenn & Manly. It is further ordered that plaintiff take nothing by the suit, and is not entitled to the relief asked, and that defendant go without day,'' &c.

*Mr. J. S. Grogan,* for plaintiff (appellant).
*Mr. Clement Manly,* for defendant.

FAIRCLOTH, C. J.: William Hairston, intestate of defendant, Glenn, and his wife Ruth, worked together in a factory and accumulated $1,500 in money. They went to-

gether and deposited the same in the bank, taking a certifi-
cate in their joint names, William stating to the cashier, in
her presence, that these were their earnings; that he wanted
the certificate in both their names, and that "in case of the
death of either of them he wanted the survivor to have all
the money." The question of survivorship is not before
us, as Ruth claims only one-half of the money, and to that
we think she is entitled.

It is admitted that prior to 1868 the husband was en-
titled to the earnings and services of his wife. The Con-
stitution of 1868 and the marriage act (1871-2), *Code*, Ch.
42, makes the wife's property her separate estate, &c.,
but it has been held that the wife's earnings are still the
property of her husband, because he is still under obliga-
tion to maintain and support her and children, and because
the Constitution does not change his common law rights in
that respect. *Bake r* v. *Jordan*, 73 N. C., 145; *Syme* v.
*Riddle*, 88 N. C., 463. In the latter case it was stated
*arguendo:* "Doubtless a husband may consent that the fruit
of his wife's toils shall be her own, and constitute her sep-
arate estate; but in such case her title will vest upon his
consent and not upon the law; and the validity of the gift,
as against his creditors, will depend upon the same rules
which govern other conveyances from him to her." That
question is now raised in the present case, and we hold it
to be the law. The same principle was held in *Kee* v.
*Vasser*, 37 N. C., 553; *Springfield Inst.* v. *Copeland*, 39
Am. St. Rep., 489; *Peterson* v. *Mulford*, 36 N. J., 481.

The agreed facts in this case fail to show that the hus-
band intended to exercise his marital rights over his wife's
money, but they show that he intended that his wife should
own her share, free from any claim of his, *i. e.*, he gave to
her her part of their earnings, and there is nothing in the
legislation of the State nor in the *policy* of the law to for-
bid his doing so.                                    Affirmed.