ELIZA CUNNINGHAM v. JOHN CUNNINGHAM.

*Husband and Wife—Earnings of Wife—Evidence—Trial—*
*Instructions.*

1. Where, on the trial of an action, a deposition was objected to on the ground that the party offering it had failed to show that the deponent was out of the State or resided more than 75 miles from the place of trial, it was proper to allow the deposition to be read after the party offering it had, in answer to the objection, offered evidence tending to show, in the opinion of the trial Judge, that the witness was not in the State.

2. While, in law, the earnings of a wife belong to the husband, he may give them to her or recognize and treat her as the owner of them, provided no creditors intervene.

3. Where, on the trial of an action by a widow to have the heirs of her deceased husband declared trustees for her in land alleged to have been paid for with her own earnings but conveyed to her husband through fraud or mistake; and no creditors intervened, and it was in evidence that the plaintiff and her daughter had paid for the land out of their earnings, it was not error to refuse an instruction that, if the jury should find from the evidence that the land was paid for by such earnings, the plaintiff could not recover since, as a whole, the instruction prayed for would have been erroneous.

4. Error not excepted to on the trial below will not be considered in this Court unless apparent upon the record.

CIVIL ACTION to have defendants declared trustees for plaintiff and to have a conveyance to her of a tract of land, tried before *Norwood, J.,* at Fall Term, 1897, of TRANSYLVANIA Superior Court.

In the complaint the plaintiff alleged that the land was bought with her own money and that, in making the deed, it was by mistake or fraud executed to her husband instead of herself. The material allegations were denied in the defendant's answer. The issues and responses were as follows:

1. "Did plaintiff purchase and pay for with her own money the land described in the complaint?" Answer "Yes."

2. "Was the title wrongfully made to her husband, Charles Cunningham?" Answer "Yes."

3. "Did plaintiff pay for the improvements put on said lot with her own money?" This issue was withdrawn from the jury and the defendants excepted.

The facts are summarized in the opinion of the Court.

The charge of the Court below was that according to all the evidence in the case the land was purchased with the earnings of the wife, the plaintiff in the action, and her daughter; and that if the jury believe the evidence they should find that the land was paid for with the earnings of the plaintiff and her daughter. Defendant excepted.

The Court further charged the jury that, if they should find that the husband consented for his wife to have her

earnings, and agreed to take the same and apply them to the purchase money of the land, and thereupon did receive said earnings from her and applied the same to the payment of the purchase money, as claimed by the plaintiff, they should answer the first issue "Yes." Defendants excepted to this instruction on the ground that it was an erroneous statement of the law and also because there was no evidence to support it, and the same was therefore inapplicable. There was a verdict for plaintiff followed by the judgment declaring the defendants to be trustees for the plaintiff and directing them to execute a deed to the plaintiff, and defendants appealed.

*Mr. Geo. A. Shuford,* for defendants (appellants).
No counsel *contra.*

FURCHES, J.: The plaintiff, who was a widow with one daughter 14 or 15 years old, married Charles Cunningham sometime before 1888, and, after the marriage, purchased a vacant lot in the town of Brevard from Duckworth.

This purchase was probably by parol, as no bond or written contract seems to be mentioned.

After the marriage of Charles and the plaintiff, she and her daughter worked at a hotel in Asheville, for which the plaintiff received the price of their wages. With the money thus acquired, and by other monies and by property acquired by the plaintiff, she paid Duckworth for the lot, upon which there have been placed some improvements. These improvements seem to have been paid for by the labor of the plaintiff and that of her husband Charles.

There was evidence tending to show that the plaintiff handed Charles the money she and her daughter had earned in Asheville, telling him at the time to take it to Duckworth to finish paying him for the land, and to get a deed. And she testified without objection that the land was to be hers

and the deed was to be made to her. It was also in evidence that Charles said it was his wife's land; that she had paid for it; that he said to her "it is your land and if you want help to build a house on it, you may do without a house."

The deposition of one Waiters, was introduced by plaintiff, which tended to prove that the plaintiff gave Charles the money earned in Asheville, with instructions to pay for the lot with it, and that Charles said it was his wife's property. This deposition was objected to upon the ground that plaintiff had failed to show that Waiters was out of the State, or resided more than 75 miles from Brevard. To meet this objection, the plaintiff offered testimony to the effect that Waiters' family lived in Asheville; that his occupation was that of a head-waiter at a hotel; that two weeks before, he was seen by a witness on board the train and said he was going to New York to act as head-waiter in a hotel there, and that he had not been seen in Asheville since. Upon this evidence, the Court overruled the objection, allowed the deposition and the defendants excepted. This exception can not be sustained. There was evidence tending to show that Waiters was not in the State, and upon this evidence, it became a question for the Judge to determine; and his decision is not reviewable in this Court.

Defendants contended that the earnings of the plaintiff and her daughter belonged to the husband Charles, and asked the Court to charge the jury that if they found from the evidence that the lot was paid for by their earnings, the plaintiff could not recover. The Court declined to give this prayer and the defendants excepted.

The law is that the earnings of the wife belong to the husband. *Syme* v. *Riddle*, 88 N. C., 463. And while this is the law, the prayer for instructions, as a whole, was erroneous. The Court could not instruct the jury that, if they

found that the lot was paid for with the earnings of the wife, the plaintiff could not recover, as there was evidence tending to show that Charles treated this money as that of the wife. *Hairston* v. *Glenn*, 120 N. C., 341; that she did not only earn the money, but she collected it and gave it to Charles with instructions to pay it to Duckworth for the land she bought from him; and that Charles took the money from her, under these instructions, and paid it to Duckworth for the land. A married woman may buy and hold land, and her husband may be her agent. *Bazemore* v. *Mountain*, at this term. This evidence and the evidence that Charles said it was his wife's money and treated it as hers, was sufficient to entitle the plaintiff to have the question submitted to the jury as to whether Charles had not agreed that this money, plaintiff used in paying for the lot, should be her money.

There is no intervention or claim of creditors in this case. Charles died intestate, leaving no issue surviving him. And this is a contest between his widow, the plaintiff, and his brothers and sisters, who are defendants. This being so, Charles had the right to give his wife's earnings to her, or to recognize and treat her as the owner of her own earnings. *Hairston* v. *Glenn, supra.*

The Judge being at liberty to disregard the prayer of defendants for instructions, as it was erroneous in part, left the case without exceptions, except the one we have treated as to the deposition of Waiters. And while the charge of the Court is not as complete as it might have been upon the husband's right to the earnings of his wife, we fail to see error in the charge, so far as it was given. But, if there had been error, we could not have considered it as it was not excepted to. *State* v. *Blankenship*, 117 N. C., 808, and cases cited.

And as it appears to us that substantial justice has been done between the parties, the judgment must be affirmed.

Affirmed.