## FAIRCLOTH v. BORDEN.

### (Filed May 6, 1902.)

HUSBAND AND WIFE—*Separate Property of Wife—Rents—The Code, Sec. 1837—Wills.*

A husband who, without objection by the wife, receives the income from her separate estate, is liable only for the receipts for one year preceding the action brought to recover such receipts, although they were received as agent.

ACTION by E. E. Faircloth against E. B. Borden, executor of W. T. Faircloth, heard by Judge *W. S. O'B. Robinson,* at Chambers, in Goldsboro, as of November Term, 1901, of the Superior Court of WAYNE County. From a judgment for the plaintiff, the defendant appealed.

FAIRCLOTH *v.* BORDEN.

*W. C. Monroe,* for the plaintiff.
*F. A. Daniels,* and *Allen & Dortch,* for the defendant.

FURCHES, C. J. The plaintiff is a daughter of the late Council Wooten, of Lenoir County, and was married to the defendant's testator, William T. Faircloth, on the 10th day of January, 1867. Her father died intestate on the 22d of August, 1872, from whom the plaintiff inherited valuable real estate in Onslow County, as tenant in common with her sister, Mary L. Wooten. Soon after the death of plaintiff's father, defendant's intestate took charge of said property, rented or leased the same, collected the rents and paid over and accounted to the said Mary L. for one-half thereof; that he finally effected a sale of said property upon time, taking note and mortgage on said land as security for the purchase-money. That the deeds to purchasers were executed by defendant's testator and wife, the plaintiff E. E. Faircloth, and the said Mary L., and the mortgage to secure the same was executed to the plaintiff and her sister, the said Mary L. From time to time defendant's testator collected and *received the* interest due on the note given for said lands, and finally *received* all the purchase-money remaining due thereon, principal and interest, and accounted for and paid over to the said Mary L. one-half thereof, but never accounted for or paid any part of the rents, interest or principal to the plaintiff. In these transactions, in making leases and in receiving rents, interest and principal money, defendant's intestate signed his own name, adding the word "agent." In his last will and testament he devised to the plaintiff certain real estate, in which is said "this devise is in lieu of all monies I *received* from her property in Onslow County, North Carolina."

The plaintiff in due time dissented from said will and brought this action, in which she claims one-half of all the money the intestate received from the Onslow property,

whether it was *received* as principal, interest, or rents.   The defendant answers and denies her right to recover the same, especially that part his intestate *received* as rents and interest, and specially plead and relied on Section 1837 of The Code as a bar to her right of action thereon.

The case was, by consent, referred to Geo. Rountree, Esq., to take and state an account of the matters involved in the controversy, which he did, and reported that defendant's testator had *received* as rents $8,568.24; as principal on purchase of said land, $20,568.15; as interest on purchase-money, $7,833.16—making in the aggregate of $36,969.55, of which sum the plaintiff and Mary L. Oliver (*nee* Wooten) were each entitled to one-half; but the defendant's testator had *received* said money *without objection from plaintiff*.   *F*rom the facts so found, he concluded, as matters of law, that the plaintiff was not entitled to recover any part of the $8,568.24 *received* as rents, nor any part of the $7,833.16 *received* as interest, but was entitled to recover half of $20,568.15 received as principal money, this representing the corpus of the estate inherited by the plaintiff from her father.

But plaintiff not being satisfied with referee's findings of fact, nor his conclusions of law, excepted to both, and upon a bearing upon report and exceptions before *Robinson, J.,* he found, instead of the sixth finding of the referee, as follows: "Instead of the finding of the referee, it is found as a fact that the defendant's testator received said sum of money as the agent of the plaintiff and her sister.   It is further found, at the request of the defendant, that there was no evidence of any express agreement on the part of defendant's testator, to account for any part of the same, except such as was embraced in the fact that he received it as agent."

If it were necessary to account for defendant's testator signing himself as agent, it might be said that he was the agent in fact of his sister-in-law, Mary L., and it was alto-

gether proper that he should so sign his name, for that rea-
son; but we do not think it necessary to do this, as we think
by law he was the legal agent of his wife, the plaintiff, to
receive these rents and the interest on the purchase-money
unless she *objected* to his doing so.

These rents and interest belonged to the plaintiff under the
Constitution of the State and Section 1837 of The Code,
which is as follows: "The savings from the income of the
separate estate of the wife are her separate property. But
no husband who during the coverture has received, without
objection from his wife, the income of her separate estate,
shall be liable to account for such receipt for any greater time
than the year next preceding the date of a summons issuing
against him in an action for such income, or next preceding
her death." This section anticipates the *receipt of such in-
come by the husband.* It is not his, but the statute
anticipates that he will *receive* it—not as his, because
it is not his, but as the agent of his wife, in fact or
in contemplation of law. In *Baker v. Jordan,* 73 N. C.,
145, the Court, in speaking of the relations of husband
and wife, under the Constitution of 1868 and the statutes en-
acted since its adoption, say the wife's property is no longer
the husband's; but as to her property, "he is bound to account
for profits *received* out of her estate if called as such overseer
of *bailiff* * * * to account and pay over within one
year." The words overseer and agent are used as convertible
terms in Section 161 of Wells' Separate Property of Married
Women. They are so used, we think, in Section 1837 of The
Code, and we do not think it made any difference whether
defendant's testator *received* these rents and interest by plain-
tiff's express direction or by that implied by the statute; for
if he received them either way, it did not make them his
money. They still belonged to the plaintiff, and she might
have recovered them if she had brought suit in time. But

Section 1837 is a statutory bar to her recovery, if her husband *received them without her objection,* and she did not bring suit in one year for the same.   This is too plain to admit of argument, and is sustained by what is said in *Battle v. Mayo,* 102 N. C., 439, and *George v. High,* 85 N. C., 103, cases cited by plaintiff.   But we do not understand plaintiff to dispute this being the law where the money is *received* without objection; but she contends that the fact that defendant's intestate received this money as *agent* shows that she *objected* to his receiving it at all.   This is what it must prove to enable her to recover; and in our opinion it does not prove or tend to prove this, but if it proves anything, it proves that she was willing for him to *receive* it, and did *not object to his doing so.*   As we have said, *Battle v. Mayo,* 102 N. C., 413, sustains the views of the defendant, while it sustained an action on several notes given by the husband for the *incomes* of the wife's property.   This is sound law; the *incomes* were the wife's, and furnished a good consideration for the notes, and that action was to enforce the collection of the notes.   The question as to whether she *objected* to her husband's receiving the money or not was in no way involved, and is not authority for the plaintiff in this case.   As we do not think it makes any difference how defendant's intestate *received* this money, the plaintiff can not recover it (that is, rents and interest), unless she *objected* to his *receiving* it, and as we are of opinion that the fact that he signed his name as *"agent"* is no evidence that she *objected* to his *receiving* it, and as it is found as a fact there was no other evidence that she *objected,* we do not think she can recover anything but the principal and such interest as has accrued since the commencement of this action.   There is error, and the report of the referee should have been confirmed.

    Error.