ESTHER L. BOOTH, APPELLANT, VS. MARGARET A. LENOX, ANDREW LENOX, ELIZABETH C. SWAIN, WILBUR SWAIN, JAMES R. BOOTH, MARY J. VAN LOON, ARTHUR E. VAN LOON, AND MABLE F. BOOTH, A MINOR, AND HER GUARDIAN ad litem CHARLES S. ADAMS, APPELLEES.

RESULTING TRUST—PAROL PROOF OF—ESTOPPEL IN PAIS—ESTOPPEL BY PLEADINGS—TESTIMONY AS TO TRANSACTIONS BETWEEN LIVING WITNESS AND DECEASED PARTY.

1. Where the proofs show clearly that a husband during his life-time purchased real estate exclusively with the separate property and money of his wife, but without her knowledge or consent took the title thereto to himself in his own name, a trust results in favor of the wife in and to such property, and upon bill filed by the wife against the heirs at law of the husband subsequently to his decease, under the circumstances stated, the property should be decreed to be her separate property.

2. It is settled in Florida as elsewhere that a resulting trust in real estate may be established by parol testimony.

3. In a suit by the widow against the heirs at law of a decendent, where the heirs or some of them testify as to transactions or communications had between the widow and her deceased husband, such testimony of the heirs removes the prohibition contained in Section 1095 Revised Statutes against the living wife's testifying as to such transactions, and qualifies her, under said statutes, to give her version of them.

4. Two essentials, among others, of an estoppel in pais are: (1) that the representation claimed as the estoppel must have been made with the intention, actual or virtual, that the other party should act upon it, (2) the other party must have been induced to act upon it.

5. Representations and declarations made in pleadings give rise to an estoppel only as between parties and their privies to the case in which the pleadings are filed, and only those to whom the representation is made or intended to influence and their privies may take advantage of the estoppel. If the act was inter alios there can be no estoppel.

6. The pleadings of a party in one suit may be used in evidence against him in another, not as an estoppel, but as proof, open to rebuttal and explanation, that he admitted certain facts.

This case was decided by Division A.

Appeal from the Circuit Court for Duval County.

*A. W. Cockrell & Son,* for Appellant;

*H. B. Philips and Fleming & Fleming,* for Appellee.

## STATEMENT.

Margaret A. Lenox and her husband Andrew Lenox, Elizabeth C. Swain and her husband Wilbur Swain, filed their bill in equity for partition in the Circuit Court of Duval county on the 18th day of February, 1897, against James R. Booth, Mary J. Van Loon and her husband Arthur E. Van Loon, Mabel F. Booth and Esther L. Booth, alleging that James R. Booth was, in his lifetime and at the time of his death, seized in fee simple of an in the following described real estate, to-wit: Lots five (5) and six (6) in block thirteen (13) of McIntosh and Reed's addition to La Villa, according to plat duly recorded in Duval county, said land being situated in the city of Jacksonville in said Duval county; that the said James R. Booth died intestate in Duval county, Florida, on July 19th, 1886, leaving him surviving the following children: the complainants Margaret A. Lenox and Elizabeth C. Swain, and the defendants James R. Booth, Mary J. Van Loon and Mabel F. Booth, and Thomas Charles Booth, who died in infancy without issue on December 31st, 1888; that the children named are all the children born to said James R. Booth, deceased; that Mabel F. Booth is a minor; that the said lots adjoin each other and form one tract of land which does not exceed in quanity half an acre; that at the time of his death the said James R. Booth resided upon said land and was the head of a family caring for and supporting certain members of his family mentioned herein; that said living children hold and are seizeed in and

3  S. C.

of said land and premises in joint title and interest, each thereof owning a one-fifth undivided interest in the same, and that complainants desire to have their respective shares and portions of said land partitioned and set off to them in severalty; that said defendant Esther L. Booth is the widow of the decedent James R. Booth, and claims some interest in said premises, the nature of which is unknown to complainants; that complainant Margaret A. Lenox intermarried with said Andrew Lenox prior to the year 1886; and the complainant Elizabeth C. Swain intermarried with said Wilbur Swain in the year 1886. The bill prays that the said land may be partitioned under the order of the court, and that one-fifth thereof may be set off in severalty to each of the complainants Margaret Lenox and Elizabeth C .Swain, and that if it be made to appear that said land cannot be divided without loss and prejudice to those interested therein, then that the same be sold under direction of the court, and that one-fifth of the proceeds thereof be set off and paid to each of said complainants Margaret A. Lenox and Elizabeth C. Swain, and for general relief. The defendants James R. Booth and Mary J. Van Loon filed an answer admitting all the allegations of the bill and prayed therein that their respective interests and shares in said land might be set off to them in severalty.

The defendant Esther L. Booth filed her separate answer to the bill in which she admitted the death of James R. Booth at the date as alleged and that at the time of his death he resided on said land, and that the same was one contiguous body of less than one-half of an acre in area, and that at his death James R. Booth left surviving him his widow, the answering defendant, and the children named in the bill; that Thomas Charles Booth, since deceased during minority, unmarried and without issue,

and Mabel F. Booth, a minor, were the children of the said James R. Booth, the issue of his marriage with the answering defendant, and that the other named children were his children by a former marriage. Her answer denied that said living children hold or are seized of said land in joint title, each owning a one-fifth undivided interest in the same, or any other share thereof. The answer then alleges that in so far as creditors or *bona fide* purchasers or lienors without notice are concerned it may not be admissible for this defendant to show that James R. Booth did not own said land, in that this defendant may be charged with constructive notice that the deed of conveyance of the land described was in the name of said James Booth, deceased, and being so worded was recorded according to law in the public records of said county; but, on the other hand, in so far as the complainants are concerned, it is the duty of this defendant to show the fact as to the ownership of said land, notwithstanding the record aforesaid. This defendant invested her sole and separate property in the purchase of said described land, and all the purchase price of said land was paid wholly by her sole and separate property; and the said James Booth, deceased, then living, did not invest any of his property in the purchase of said land, and did not give any consideration therefor; the whole consideration for the conveyance of said land moving solely from this defendant; that relying on her husband for the details of said purchase, she was not present at its consummation or at the drafting and execution of the deed of conveyance, and for a long time thereafter was not aware of the deed being made in the name of her husband instead of being made to and in the name of this defendant as should have been, and that she supposed for a long time was the case. And that so it is the said James Booth, deceased, called James R. Booth, as aforesaid, never owned said land or

any part thereof. And that for the past ten years preceding this defendant has been in the actual possession of said land, residing thereon, claiming title thereto adversely to and exclusive of said complainants. Subsequently to her answer to the original bill the defendant Esther L. Booth filed her cross-bill against all of the complainants and all, except herself, of the defendants in the original bill, in which she alleges the death of James. Booth, also called James R. Booth, and the relationship of the parties to him as alleged in the original bill, and that since the institution of the original suit, to-wit: on the 23rd day of February, 1898, the said several parties, Margaret, Mary and James, have each instituted a suit in ejectment against her on the law side of this court, each claiming in said several ejectment suits the ownership of an undivided one-fifth share of said described land (lots 5 and 6 in block 13 of McIntosh and Reed's Addition to LaVilla) ; that she, desirous of investing certain personal property, her sole and separate property, in the purchase of said described real estate, procured her husband, then alive, the said James R. Booth, now deceased, to purchase the said real property for her; and thereupon the said James Booth, then in life, purchased said real property, giving as the consideration therefor the sole and separate property of your oratrix, and upon the receipt of her sole and separate property; and for no other consideration, the owners of said land made and delivered the deed of conveyance under which the said complainants and the said plaintiffs in ejectment claim title; that relying upon her said husband she left entirely with him the negotiation of purchase, the drafting, execution, recording and preservation of the said deed of conveyance, and, believing his assertion that he had bought the said land for her with her money as aforesaid, she proceeded forthwith to take pos-

session of said land, and with the assistance of her broth-
er improved the same by fences, &c.; that she never saw
the deed of conveyance in question, and was for the first
time informed of the supposed true contents by her coun-
sel, who examined the records of Duval county, at her
instance, after her husband's death; that she returned
home as socn as she could after her husband's death afore-
said and took undisputed, peaceable and exclusive posses-
sion of said land, claiming absolute title in fee simple to
the whole thereof, and thenceforward until the present
day, covering a period of over eleven years, your oratrix
had continued uninterruptedly in said adverse possession.
The said mistakes in said conveyance, to-wit: the said
James Booth being named as grantee instead of your ora-
trix, whether intentional or not on the part of James
Booth, now deceased, is contrary to equity and good con-
science, and apparently vests the fee in the heirs of said
James Booth; whereas said land belongs in equity to your
oratrix, and is a cloud on your orator's title and owner-
ship.

The cross-bill prays that she may be adjudged to be the
sole owner in fee simple of said land, and that the cloud
on her title may be removed, that said actions at law may
be enjoined, and for general relief.

The defendants, other than Mabel F. Booth who answer-
ed separately by guardian *ad litem*, after the overruling of
a demurrer to said cross-bill, answered the same denying
all of the material allegations thereof that were inconsis-
tent with the allegations of their original bill, and alleg-
ing that James R. Booth, from the time of his purchase of
said property, claimed and treated it as his own, and that
the said Esther was well aware of said claim as to the
ownership of said property by her husband, and was well

aware of the fact that he treated it as his own, exercising continually acts of ownership and control over the same, and that at no time prior to this suit did said Esther object to said decedent's said claim and acts of ownership, or deny or dispute his title to said property. They deny that there was any mistake in said deed, and aver that said James Booth purchased and paid for said lands with his own funds and property and was properly named as grantee in said deed. Further answering the cross-bill they say that said James R. Booth died in the year 1886, and that a few months after his death the said Esther went into possession of said property, informing these defendants and their agents that she claimed the right to the possession of said property as the widow of said James Booth; that afterwards she was appointed administratrix of the estate of James Booth, and in her capacity as administratrix defended several suits brought against a part of said property by one C. O. Livingston to enforce payment of two alleged mortgages, and in her pleas and answers filed in said suits the said Esther set up that said property was the homestead of said James R. Booth, and that said alleged mortgages were not executed by her, and that therefore the said alleged mortgages were invalid. And that by the assertion and acts of said Esther these defendants were led to believe and did believe that she as widow and administratrix was holding and caring for and defending said property as part of the estate of said James R. Booth, and for that reason permitted said Esther to receive and enjoy the rents of said property, amounting to a large sum, and because of the fact that said alleged mortgage claim remained unsettled, permitted said Esther to remain in possession of said property without question up to the time of the commencement

of this suit, and by reason of the lapse of time since the death of said James R. Booth these defendants are much embarrassed in establishing their defense to the false claim of said Esther, and that she is estopped from now denying the title of said James R. Booth. A voluminous amount of testimony was taken before a master and reported to the court and on final hearing on the original and cross-bills, answers and testimony the court rendered a decree adjudging the equitites to be with the complainants, adjudging to each of the named children of James R. Booth the ownership of an undivided one-fifth interest in said property, and that the said Esther L. Booth was entitled to dower in said property, of one-third part thereof, and appointed three commissioners to make partition thereof, who were directed to set apart to Esther L. Booth one-third part of said premises ,according to value, as her dower, and one-fifth of the remainder was to be set apart in severalty to each of the five named children; and that if partition thereof can not be made without prejudice to the interests of the parties, that said commissioners report the fact to the court. The cross-bill of the said Esther L. Booth was dismissed. From this decree the said Esther L. Booth has taken her appeal.

TAYLOR, C.J.,        (after stating the facts.)

Upon the evidence in this case the Circuit Judge erred in rendering the decree appealed from. Without cumbering the record with the volume of testimony in detail, we think that the great preponderance of it establishes clearly and satisfactorily the following facts: That the appellant Esther L. Booth's separate property and money alone purchased the property in dispute, and that the procurement of the title deed thereto in the name of her husband, James R. Booth, or James Booth, was contrary to her desire and consent; that her husband during his life time

frequently asserted that the property was hers, and that it had been bought and paid for with her money, there can be no doubt, as his repeated declarations to that effect are proved by several disinterested witnesses whose testimony is not impeached, nor even contradicted. Under these circumstances when the husband bought and paid for the property with her money, but took the title to himself in his own name as grantee, he became the trustee of his wife, holding the legal title in trust for her. That a resulting trust in real estate may be established by parol testimony, is settled in this State, as elsewhere. Loftin v. Sterrett, 23 Fla. 565, 2 South. Rep. 837; Lee v. Patten, 34 Fla. 149, 15 South. Rep. 775; Cunningham v. Cunningham, 121 N. C. 413, 28 S. E. Rep. 525; Midmer v. Midmer's Exrs. 26 N. J. Eq. 299; Gebel v. Weiss, 42 N. J. Eq. 521, 8 Atl. Rep. 889.

It is contended by the appellees that, under the provisions of section 1095 Revised Statutes, prohibiting an interested witness from testifying to transactions and communications with one at the time of such testimony deceased or insane, the evidence of the appellant Esther L. Booth as to earning of money and delivery thereof to her husband to purchase the property for her cannot be considered. The appellees, or some of them, as heirs at law of the deceased James R. Booth, testified as to these moneys, undertaking to show that they were the moneys of James R. Booth derived partly from insurance on property of his destroyed by fire, and partly from his earnings in carpentry work, which testimony on the part of the heirs involved communications had between them and the deceased, James R. Booth, this testimony of the heirs removed the prohibition against the living wife's testifying as to such transactions, and qualified her, under the stat-

ute, to give her version of them. Abbotts trial brief (civil jury trials 2nd ed.) p. 248 and citations.

It is also contended by the appellees that in her sworn answers to the bills filed against her as adminixtratrix of J. R. Booth by one C. O. Livingston to foreclose mortgages executed to him upon a portion of the property by James R. Booth, she admitted the seisin and possession of James R. Booth of the property and alleged therein that said property was the homestead of said James Booth, and that she as his wife had not joined in such mortgages and consequently that they were void, and that she is estopped by such answers now in this litigation between herself and the heirs of said J. R. Booth to allege contrary to the said statements of such answers. There is no merit in this contention. The estoppel asserted is one *in pais* as contradistinguished from an estoppel by deed or by contract. Two, among other, essentials of an estoppel *in pais*, are (1) that the representation, claimed as the estoppel, must have been made with the intention, actual or virtual, that the other party should act upon it, and (2) the other party must have been induced to act upon it. Bigelow on Estoppel, p. 570. The representations made in the answers of the appellant to the bills of C. O. Livingston were not made for the purpose of influencing or affecting, and could not influence or affect, the appellees in this case, and could not have been made by Esther L. Booth with the intention that the appellees herein should act thereon or should be influenced thereby, since such representations could not in anyway affect any action upon their part or cause them to change their situation or right towards the property, and they have not been induced by such representations to act in any way or to make any change in their situation towards the matter involved therein. The representations made by Esther L.

Booth in such answers affected only *res inter alios acta,* and it is settled that only *parties* and their *privies* are bound by the representations, and only those whom the representation is made to or intended to influence and their privies may take advantage of the estoppel. If the act was *inter alios,* there can be no estoppel. Regina v. Ambergate, Nottingham, &c. Ry. Co., 1 Ellis & B. 372; Bigelow on Estoppel, p. 597. The pleadings of a party in one suit may be used in evidence against him in another; *not as an estoppel,* but as proof, open to rebuttal and explanation, that he admitted certain facts. Buzard v. Mc-Anulty, 77 Texas, 438, 14 S. W. Rep. 138; 11 Am. & Eng. Ency. of Law (2nd ed.) p. 449, and citations. Under the last stated rule it was proper to admit the answers of Esther L .Booth to the bills of C. O. Livingston for foreclosure, not as an estoppel, but as proof of the facts therein admitted or alleged against her own interest. Its force, however, as proof we think was overcome by the explanation made of it to the effect that she had explained to her counsel drafting such answers of the trust status of such property, but that he had advised her that as between herself and Livingston who was without notice of the facts of such trust, the latter could not be affected thereby, and that the facts of such trust were, consequently, irrelevant and inadmissible as a defense in such suits by Livingston; whereas the fact, interposed as an answer, that such property was the homestead of James Booth and that she, his wife, had not joined in such mortgages thereof, while a complete defense to the enforcement of such mortgages, was not *altogether* inconsistent with her own real status towards the property that of resultant *cestui que trust.*

The decree of the Circuit Court appealed from herein is reversed with directions to enter a decree in its stead dis

---

---

missing the bill filed by the appellees Margaret A. Lenox and her husband Andrew Lenox, and Elizabeth C. Swain and Wilbur Swain, her husband, against the appellant and the other appellees herein, at the cost of the complainants therein, and granting in full the prayers of the cross-bill filed by the appellant herein, at the cost of the defendants in such cross-bill other than the minor Mabel F. Booth. It is further ordered that the appellees, except the minor Mabel F. Booth, do pay the costs of this appeal.