WELD, COLBURN & WILCKENS v. LAMARGUERITE SHOP COMPANY.

(Filed 13 May, 1908).

**Husband and Wife—Business Conducted by Wife—Husband or Other Agent—Liability of Wife.**

Revisal, sec. 2118, is for the purpose of preventing a married woman from conducting her business through her husband or any other agent so as to mislead her creditors in believing they are dealing with the person legally responsible in advancing credit to the husband or other agent, and from concealing her identity and coverture to that end. Therefore, goods knowingly sold to and upon the responsibility of the wife, who was not a freetrader, by the agent of the creditor, who knew the husband and was by him referred to the wife, with whom he made the contract in her own behalf, are not within the mischief intended to be suppressed by the statute, so as to charge the *feme covert* or her property.

ACTION tried before *Moore, J.,* and a jury, at March Term, 1908, of MECKLENBURG.

This action was brought to recover the price of goods sold and delivered by the plaintiff to the defendant. The defense

was that the business was conducted by Mrs. Caroline J. Ramsey, who is a married woman, and that she was and is the sole proprietor of the business and owner of the stock of goods in the store. The question in the case was whether the business had been so conducted as to constitute Mrs. Ramsey a free-trader within the provisions of the Revisal, sec. 2118. The issues submitted to the jury, with the answers thereto, were as follows:

"1. Was George C. Ramsey, on or about 16 October, 1906, as husband of Caroline Jones Ramsey, conducting for her a business under the name of the LaMarguerite Shop Company, without displaying a sign at such place showing her Christian name and the fact that she was a *feme covert?*" Answer: "Yes."

"2. Was said indebtedness contracted in the course of said business?" Answer: "Yes."

"3. In what amount, if any, is the defendant indebted to the plaintiff?" Answer: "Fifty-one dollars and fifty cents, interest from 27 May, 1907."

Miles Pegram, a witness for the plaintiff, testified: "On or about 16 October, 1906, I was traveling salesman of the plaintiff. I went to the millinery store in the city of Charlotte known as LaMarguerite Shop, for the purpose of selling some goods, and found G. C. Ramsey, the husband of the *feme* defendant, in the storeroom, with his hat off. I knew G. C. Ramsey, the husband of the *feme* defendant, and knew he was a drummer, and only in Charlotte occasionally. I knew that Mrs. Caroline Jones Ramsey was in charge of the business, and understood that she either owned it or owned an interest in it. I mentioned the matter of selling goods to Mr. Ramsey, and he said he thought they could use the goods, but that Mrs. Ramsey did the selecting of goods. Mr. Ramsey called Mrs. Ramsey from the back part of the store, where she was engaged in work, and Mrs. Ramsey came forward and selected the goods and gave me an order therefor, for the price of

which this suit was instituted. Mr. Ramsey gave me ship-
ping directions and three New York references, and I think
he said I must ship the goods to the LaMarguerite Shop Com-
pany. The foregoing was all the conversation had at that
time. I know nothing else about Mr. Ramsey's conducting
the business. I am not now working for the plaintiff com-
pany and do not know of my own knowledge whether the bill
for the goods is due and unpaid or not. I saw the goods in
the store some time after the date I sold them, and Mrs. Ram-
sey said they were good goods. I heard Mrs. Ramsey swear
before the justice of the peace, when this case was tried, that
Ramsey did not help conduct the business and had no interest
whatsoever in it. Mr. and Mrs. Ramsey were man and wife
at the time the goods were sold, and I knew it at that time.
There was a sign on the store window with the words 'LaMar-
guerite.' " Plaintiff rested here.

The defendants G. C. Ramsey and his wife, Caroline J.
Ramsey, testified, in substance, that Mrs. Ramsey was the sole
owner of the stock of goods and business, and conducted the
business herself and not through her husband as an agent. It
is not necessary to set forth this evidence at length.

The defendants in apt time moved to nonsuit the plaintiff.
The motion was overruled, and they excepted. Judgment was
rendered upon the verdict, and the defendants appealed.

*Thomas W. Alexander* for plaintiff.
*Morrison & Whitlock* for defendants.

WALKER, J., after stating the case: The plaintiff seeks to
charge the *feme* defendant with the payment of the debt con-
tracted by her, upon the ground that her business was con-
ducted by her husband for her, and that, under the provisions
of the Revisal, sec. 2118, she thereby became a freetrader and
liable for the debt as if she had been a *feme sole*. It is pro-
vided by the statute in question that "if any married woman
shall conduct her business through her husband or any other

agent, or if any husband or agent of any married woman shall conduct such business for her without displaying the Christian name of such married woman and the fact that she is a *feme covert,* by a sign placed conspicuously at the place wherein such business is conducted," she shall be deemed and treated as a freetrader, and the property purchased and used in the business, as to creditors, shall be liable for the debts contracted in the course of the business by the person in charge of the same.

The statute was evidently passed for the purpose of preventing a married woman from conducting her business by her husband or any other agent in such a way as to mislead her creditors by inducing them to believe that they are dealing with a person legally responsible for any debts contracted in course of the business, and concealing her identity and the fact that she is a married woman, who is protected by her coverture from their payment.

We do not think there is any evidence in this case which brings it within either the letter or the mischief of the statute. The plaintiff's own witness testified that when he sold the goods he knew the husband was a drummer and in Charlotte only occasionally, and that he further knew that Mrs. Ramsey was in charge of the business, and he understood that she either owned it or owned an interest in it; that she selected the goods and gave him the order for them. In the face of this evidence it can hardly be successfully contended that the mere fact of the husband being in the store at the time of the sale and his statements to Mr. Pegram are sufficient to carry the case to the jury for the purpose of charging Mrs. Ramsey personally and her property with the payment of the debt. The facts being established that she was in charge of the business, to the knowledge of Mr. Pegram, agent of the plaintiff, and that she selected the goods and gave the order for them, or, in other words, that she made the contract of purchase herself, take the case entirely out of the words of the

statute and show conclusively that it is not within the mischief intended to be suppressed. How could the plaintiff be deceived as to the character of the business or as to the management of it by Mrs. Ramsey as proprietress, when its agent admits that he had full knowledge of all the material facts and was not himself misled? Such a case as is disclosed by the proof was surely not within the contemplation of the Legislature. There is no evidence to show that the entry in the telephone book was made by the authority of Mrs. Ramsey. Indeed, what evidence there is upon that question tends strongly to show that it was not. Besides, the agent of plaintiff testified that he sold the goods upon her order, and that she was at the time in charge of the business. Upon a review of the whole case we conclude that there was not sufficient evidence to be submitted to the jury within the rule established by this Court. *Byrd v. Express Co.,* 139 N. C., 273. The motion to nonsuit should have been sustained.

Reversed.

CLARK, C. J. Not controverting that the Court has placed the proper construction upon the statute, it is an anomaly that may well call for legislative consideration, if a married woman carrying on business herself is not liable for articles purchased in its conduct, but is liable if she has the aid or agency of her husband in buying the same articles.