A. M. STOUT, ADMINISTRATOR, v. OSTIA PERRY ET AL.

(Filed 6 April, 1910.)

1. Husband and Wife—Antenuptial Debts—Notes—Charge in Equity—Trusts and Trustees.

> In an action brought by the administrator of the deceased wife against the administrator of the deceased husband for the proceeds of certain notes given as purchase money for the wife's land, secured by mortgage thereon and made payable to the husband at her request, it is competent to show by the one who drafted the notes and mortgage that, at the time, the wife directed the husband to collect the notes as they fell due, for the purpose of paying her antenuptial debts, and use whatever surplus then remained for the support of her aged mother, then living with them.

2. Husband and Wife, Contracts Between—Agent of Husband—Appointment.

> A wife may appoint her husband to act as her agent in the same manner as one *sui juris* may appoint an agent; and the formality required by Revisal, sec. 2107, regarding the execution of contracts concerning lands made between husband and wife, is not necessary when the wife's interest in her lands is not affected.

APPEAL from *W. J. Adams, J.,* at November Term, 1909, of CHATHAM.

The plaintiff is the administrator of Mrs. Susan Johnson; the defendants are the administrators of Joshua Johnson. Joshua Johnson and Susan Johnson were husband and wife. The former died 10 October, 1906; the latter 13 July, 1907. They were married 27 June, 1877. On 26 July, 1878, the husband and wife executed their agreement to convey a tract of land, belonging to the wife, to E. E. Dismukes, for $900, of which $250 was paid in cash, and the balance evidenced by six notes; the first for $100, due one year after date, and the others for $110 each, one due each year thereafter. On 3 February, 1885, the notes having been paid, the deed was executed. J. E. Perry was the draftsman of the agreement to convey and of the notes, which were made payable to Johnua Johnson, the husband. The defendant proposed to show by Perry that, at the time the notes were drawn by him and executed by Dismukes, Mrs. Johnson directed that they be made payable to her husband; that she owed antenuptial debts, which she desired to be paid; that she directed her husband to collect the notes as they fell due, pay her debts, and use a sufficient part of the remainder, if any and if sufficient, to support her mother, who was aged and infirm and living with Mr. and Mrs. Johnson. This

evidence was excluded by his Honor, upon plaintiff's objection. The defendants excepted. There was a verdict for the plaintiff for $900, and judgment accordingly, from which defendants, having duly excepted, appealed to this Court.

R. H. Dixon, W. D. Siler and N. Y. Gulley for plaintiff.

Hayes & Bynum, H. A. London & Son and J. G. Hannah, Jr., for defendants.

MANNING, J. The plaintiff contends that the judge's ruling was correct, because the contract between the husband and wife was not executed with the formality required by section 2107, Rev., and the evidence offered did not so tend to prove, but established that it was not so executed.

The defendants contend that the evidence tended to prove that the wife created her husband her agent; that it was not a contract to charge or impair the body or capital of the wife's personal estate for the husband's advantage, and was not required to be executed with the formality prescribed by that section of the Revisal.

That the husband can be appointed her agent by the wife has been several times decided by this Court, and seems not to be controverted by the plaintiff. Bazemore v. Mountain, 121 N. C., 59; Weathers v. Borders, 121 N. C., 387; Cunningham v. Cunningham, 121 N. C., 413; Witz v. Gray, 116 N. C., 48; Faircloth v. Borden, 130 N. C., 263; Francis v. Reeves, 137 N. C., 269; Weld v. Shop Co., 147 N. C., 588. It is clear that the contracts required by section 2107, Rev., to be executed with the formality of a deed are contracts made between the wife and the husband, by which the wife conveys, affects or charges any part of her real or personal estate to the benefit of and for the advantage of her husband. Its purpose was to prevent frauds by the husband upon the wife, and to give validity to transactions, invalid at common law, between husband and wife, of the nature described, provided they are executed with the prescribed formality. Sims v. Ray, 96 N. C., 87; Long v. Rankin, 108 N. C., 338.

The liability of the wife for her antenuptial debts is declared by section 2101. It being her clear duty to pay such debts, we know of no statute or decision which forbids her to appoint her husband her agent to pay these debts and deliver to him the means with which to do so. There is no statute which prevents a wife from being honest. If the wife recognized her moral duty to support an aged and invalid mother, we are not advised of any statute or decision which forbids her to discharge this

high moral duty. It follows the precept of divine law, and we find no human statute which forbids it. She may appoint her husband her agent to disburse the means which she shall supply him for the discharge of this moral obligation.

In the several cases cited there can be found no utterance of this Court which indicates that a *feme covert* is required to use any different formality in appointing her agent than a person *sui juris.* The excluded evidence tended, at least, to prove that in the transaction detailed the wife appointed her husband her agent to collect the notes, and directed him how to disburse the proceeds. The burden is cast upon his representatives to prove (they admitting he did collect the notes) that he disbursed the proceeds as directed by his wife. In excluding the evidence offered by the defendants, there is error, for which there must be a

New trial.