## SCOTT-SPARGER COMPANY v. FERGUSON ET AL.

(Filed 13 April, 1910.)

1. **Married Women—Husband as Agent—Sign Required—Constitutional Law.**

    Revisal, sec. 2118, declaring a married woman a free trader, as to goods purchased in conducting a mercantile business, in charge of her husband as agent, etc., without displaying a sign to that effect in the manner directed, is constitutional and valid.

2. **Married Women—Sign Required—Goods Sold and Delivered—Interpretation of Statutes.**

    The stock of goods of a *feme covert* in charge of her husband as her agent, etc., when the provisions of section 2118 have not been complied with, requiring the sign to be displayed showing her christian name, and the fact that she was a *feme covert,* is liable for debts for goods sold to the husband for the business, notwithstanding the vendor knew the fact and that the husband, for a brief interval previous to the purchase in question, did not run the business.

3. **Married Women—Sign Required—Goods Sold and Delivered—Justice's Court—Jurisdiction.**

    An action to make a stock of goods liable for a debt of a *feme covert* for goods sold and delivered, the business being hers and run by the husband as her agent, without complying with the provisions of Revisal, sec. 2118, requiring the sign to be displayed showing such fact and the christian name of the *feme covert,* is cognizable in the court of a justice of the peace when the amount is within his jurisdiction.

SCOTT *v.* FERGUSON.

APPEAL from *Biggs, J.,* at October Term, 1909, of GUILFORD.

Civil action heard before a justice of the peace to recover of a *feme covert* goods alleged to have been sold and delivered to her husband, while she was conducting a mercantile business without displaying the sign required by Revisal, sec. 2118.

*Morehead* and *Sapp* for plaintiff.
*J. A. Barringer* for defendant.

CLARK, C. J.   Revisal, sec. 2118, provides, "if any married woman shall conduct such business through her husband, or any other agent, or if any husband or agent of any married woman shall conduct such business for her, without displaying the christian name of such married woman, and the fact that she is a *feme covert,* by a sign placed conspicuously at the place wherein such business is conducted, then all the property, stock of goods and merchandise, and choses in action purchased, used and contracted in the course of such business shall, as to creditors, be liable for the debts contracted in the course of such business, by the person in charge of the same.   Any married woman conducting such business as aforesaid without complying with the provisions of this section shall for all purposes be deemed and treated, as to all debts contracted in the course of such business, as a free trader as fully as if she had in all respects complied with the provisions of this subchapter: *Provided,* this section shall not apply to any person transacting business under license as an auctioneer, broker or commission merchant.   In all actions under this section it shall be incumbent on such trader, merchant or married woman to prove compliance with the same."

The jury responded to the issues submitted to them as follows:

1. Was J. E. Ferguson, as husband of Mrs. Sarah Ferguson, conducting for her a business without displaying, at the place of business, a sign showing her christian name and the fact that she was a *feme covert?*   Answer: Yes.

2. Was the indebtedness sued on contracted in the course of said business?   Answer: Yes.

3. In what amount, if any, is the *feme* defendant, Mrs. Sarah Ferguson, indebted to the plaintiff?   Answer: $104.09.

The only error assigned by defendant is the refusal of his Honor to dismiss the action as upon judgment of nonsuit under the statute.

There was evidence that the business was that of the *feme* defendant, and was run in the name of her husband; that there

was no sign of any kind, nor any other thing, at the place of business to indicate that she had anything to do with the business, and that she was a *feme covert.* There was also evidence that at one time, when the husband was drunk and in the calaboose, the *feme covert* defendant ran the store till her husband got back, and that the plaintiff sold him goods thereafter, knowing he was running the business for his wife. The latter fact is immaterial (and knowledge that it was the wife's business but increases the plaintiff's natural equity to recover) under the terms of the statute, if the facts are as the jury find. There being evidence to that effect, the motion of nonsuit was properly denied.

This case differs from *Weld v. Shop Co.,* 147 N. C., 588, in which this statute was held inapplicable because there the business was run solely by the wife. Here the business was run by the husband (with a brief interval) for the wife, without complying with the requirements of the statute in such cases. By the very terms of the statute, noncompliance with its provisions makes the wife *ipso facto* a free trader, "as to all debts contracted in the course of such business."

The Legislature has the power to declare when and how a married woman may become a free trader. *Hall v. Walker,* 118 N. C., 377. The evidence in this case shows that the *feme* defendant was, as to the debt sued on, a free trader, and she could therefore, as to this debt, be sued in a court of justice of the peace. *Nevill v. Pope,* 95 N. C., 346; *Hodges v. Hill,* 105 N. C., 130.

A very similar statute is Rev., 2016, which makes a married woman's realty liable for betterments put thereon with her tacit consent. *Finger v. Hunter,* 130 N. C., 529; *Ball v. Paquin,* 140 N. C., 83. Somewhat similar statutes making a married woman liable as a *feme sole,* are the two immediately preceding sections to this, sections 2116 and 2117.

No error.